**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**CCB 1 3 CV 3495**

)
FELIX NIETO )
)CASE#
            Plaintiff)
)   JUDGE:
        Vs.)
)MAGISTRATE JUDGE:
)
ALLIED INTERSTATE, INC.)
a corporation)
)
Defendant)

FILED _____ ENTERED
LOGGED ___ℍᴅ___ RECEIVED

NOV 2 0 2013

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                         DEPUTY

## COMPLAINT FOR VIOLATIONS OF THE TELEPHONE COMMUNICATIONS

## PROTECTION ACT 47 U.S.C. § 227

Plaintiff, Felix Nieto, ("Plaintiff") individually, hereby sues Defendant, Allied Interstate,

INC., a corporation ("Allied") for violations of the Telephone Consumer Protection Act (TCPA)

Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii). All of these actions include a claim under

the TCPA which makes it unlawful:

(A)To make any call (other than a call made for emergency purposes or made with

theprior consent of the called party) using any automatic telephone dialing system

("ATDS")

(iii) to any telephone number assigned to a paging service, cellular telephone service,

specialized mobile radio service, or other radio common carrier service, or any service for which

the called party is charged for the call....

(1) The term "Automatic Telephone Dialing System" means equipment which has the

capacity-

(A)to store or produce telephone numbers to be called, using a random or sequential
number generator; and

(B) to dial such numbers.

## PRELIMINARY STATEMENT

2. This is an action for damages and injunctive relief brought by Plaintiff against Allied for
violations of the Telephone Consumer Protection Act (TCPA) arising under 47 U.S.C §
227(b)(1), 47 USC § 227(a) (iii).

3. Upon belief and information, Plaintiff contends that many of these practices are
widespread for some or all of the Defendant. Plaintiff intends to propound discovery to Allied
identifying these other individuals who have suffered similar violations.

4. Plaintiff contends that the Collection Company Defendant have violated such laws by
repeatedly harassing Plaintiff in attempts to collect alleged but non-existent debt.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3), and supplemental
jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper pursuant to28 U.S.C. §1391b. Venue in this District is proper in that
the Plaintiff resides here, the Defendant transact business here, and the conduct complained of
occurred here.

7. This is an action for damages which exceeds $40,000.00.

## PARTIES

8. Plaintiff, Felix Nieto, is a natural person and is a resident of the State of Maryland.

9. Upon information and belief Defendant, Allied Interstate, Inc. is a Minnesota corporation with its principal place of business located at 435 Ford Road,800 Interchange West, Minneapolis, Minnesota, 55426. At all times relevant to this complaint, Allied has transacted business in this district and throughout the United States.

## *FACTUAL ALLEGATIONS*

10. From July 5, 2013 thru November 19, 2013, Defendant violated the TCPA by leaving30 recorded messages using anautomatic telephone dialing system or artificial or pre-recorded voices on Plaintiffs cell phone.

11. From July 5, 2013 thru November 19, 2013, Defendant violated the TCPA by calling Plaintiff's cell phone 30 times without express consent.(Exhibit A)

12. Plaintiff ask defendant to cease and desist calling him again on his cell phone but was ignored by Defendant.

13. On July 5, 2013thru November 19, 2013 the Defendant violated the TCPA by leaving recorded messages on Plaintiffs cell phone without express permission.

## COUNT I
## VIOLATIONS OF THE TELEPHONE
## COMMUNICATIONS ACT47 U.S.C. §227

14. Plaintiff alleges and incorporates the information in paragraphs 1 through 13.

15. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C.

§227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

16.   Defendant has committed 30 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

17.   Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The last 30 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional.  An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

18. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given Defendant permission to call Plaintiff cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and Defendant do not have an established business relationship within the meaning of 47 U.S.C. §227.

19.   It is unlawful under 47 U.S.C. § 227(A) to make any call (other than a call made for emergency purposes or made with prior consent of the called party) using any automatic dialing system.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant for actual, statutory damages for each violation and punitive damages, attorney's fees and costs as well as such other and additional relief as the Court may determine to be just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 20th day of November, 2013.

Felix Nieto
7621 Old Columbia Road
Laurel, MD.  20723-1142
w.demartra@acninc.net

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon Defendant's registered agent, The Corporation Trust Incorporated, 300 E. Lombard Street, Baltimore, MD 21202 via the United States Postal Service, certified mail return receipt on November 20, 2013.

FELIX NIETO

The Corporation Trust Incorporated
300 E. Lombard Street
Baltimore, MD  21202