# Exhibit B

## Roberts, Michael B.

**From:** Roberts, Michael B.
**Sent:** Wednesday, March 12, 2014 9:11 PM
**To:** 'Webmail servkingrestoration'
**Cc:** Fowler, Stephen T.
**Subject:** Nieto v. Allied Interstate, 1:13-cv-3495-CCB
**Attachments:** Nieto - Allied Interstate's Requests for Admission 03-12-14.pdf

Mr. Nieto:

With respect to the above-referenced litigation, attached please find a courtesy copy of Allied Interstate's first set of Requests for Admission to Plaintiff which were served on you today via United States Mail.

Best,

**Michael B. Roberts**
202.414.9288
mroberts@reedsmith.com

Reed Smith LLP
1301 K Street NW
Suite 1100 – East Tower
Washington, DC 20005
202.414.9200
Fax 202.414.9299

1

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

| | |
|---|---|
| FELIX NIETO, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) Case No. 1:13-cv-03495-CCB ) Hon. Catherine C. Blake |
| ALLIED INTERSTATE, INC., *Defendant.* | ) ) ) ) |

### ALLIED INTERSTATE'S REQUESTS FOR ADMISSION TO PLAINTIFF

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant Allied Interstate LLC, formerly known as Allied Interstate, Inc. (collectively "Allied Interstate" or "Defendant") hereby propounds the following Requests for Admission to the Plaintiff, Felix Nieto ("Plaintiff"). Each matter shall be deemed admitted for all purposes unless a written response signed by the Plaintiff is served on the Defendant within the time limits of the Federal Rules of Civil Procedure and the orders of the Court. Any denial must be specific and respond fairly to the substance of the matter. Any request for admission that can be admitted in part shall be admitted to the fullest extent possible, even if the request also may be specifically denied in part by a partial denial that fairly responds to the substance of the matter. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests shall be deemed continuing, and the Plaintiff must supplement or correct in a timely manner any admission or response that the Plaintiff learns is incomplete or incorrect in some material respect. Failure to admit any request, or any part of any request, that the Plaintiff knows or could, after reasonably inquiry, know to be true shall be grounds for compelling discovery and the award to Defendant of reasonable attorney fees and expenses.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that the 30 telephone calls you allege in the Complaint as the basis for the Complaint were made from July 5, 2013 through November 19, 2013 (inclusive).

**REQUEST NO. 2:** Admit that from July 5, 2013 through November 19, 2013, the telephone number ███-2049 was assigned to a landline.

**REQUEST NO. 3:** Admit that from July 5, 2013 through November 19, 2013, the telephone number ███-2049 was not assigned to a cellular telephone service.

**REQUEST NO. 4:** Admit that from July 5, 2013 through November 19, 2013, the telephone number ███-0799 was assigned to a landline.

**REQUEST NO. 5:** Admit that from July 5, 2013 through November 19, 2013, the telephone number ███-0799 was not assigned to a cellular telephone service.

**REQUEST NO. 6:** Admit that from July 5, 2013 through November 19, 2013, the telephone number ███-7513 was assigned to a landline.

**REQUEST NO. 7:** Admit that from July 5, 2013 through November 19, 2013, the telephone number ███-7513 was not assigned to a cellular telephone service.

**REQUEST NO. 8:** Admit that on October 31, 2013, a call was initiated from telephone number ███-2049 to phone number that the answering party stated was assigned to Allied Interstate LLC.

**REQUEST NO. 9:** Admit that you never informed Allied Interstate in writing that you did not consent to calls to your cellular device(s) or number(s).

**REQUEST NO. 10:** Admit that you never made a request in writing to Allied Interstate that Allied Interstate not make calls to your cellular device(s) or number(s)..

**REQUEST NO. 11:** Admit that you never informed Allied Interstate over the telephone that you did not consent to calls to your cellular device(s) or number(s)..

**REQUEST NO. 12:** Admit that you never made a request over the telephone to Allied Interstate that Allied Interstate not make calls to your cellular device(s) or number(s)..

**REQUEST NO. 13:** Admit that you never notified Allied Interstate, in writing or otherwise, that you withdrew any prior consent you may have provided for Allied Interstate to make calls to your cellular device(s) or number(s)..

**REQUEST NO. 14:** Admit that for the 30 telephone calls you allege in the Complaint as the basis for the Complaint, you only answered the incoming call on a single occasion.

**REQUEST NO. 15:** Admit that for the 30 telephone calls you allege in the Complaint as the basis for the Complaint, you never spoke to the other party on the line.

**REQUEST NO. 16:** Admit that for the 30 telephone calls you allege in the Complaint as the basis for the Complaint, you were not charged a service fee that increased on the basis of those individual calls.

**REQUEST NO. 17:** Admit that for the 30 telephone calls you allege in the Complaint as the basis for the Complaint, you were not charged any amount that increased on the basis of those individual calls.

**REQUEST NO. 18:** Admit that the only specific fact you contend demonstrates the Defendant committed a "willful or knowing" violation of the Telephone Consumer Protection Act ("TCPA") is that Defendant allegedly continued to call your cell phone after you allegedly asked Defendant to cease and desist calling your cell phone.

**REQUEST NO. 19:** Admit that the only specific allegation in the Complaint you contend supports your allegation that the Defendant committed a "willful or knowing" violation of the TCPA was your allegation in paragraph 12 that "Plaintiff ask defendant to cease and desist calling him again on his cell phone but was ignored by Defendant."

**REQUEST NO. 20:** Admit that you cannot identify any specific fact in support of your allegation that the 30 telephone calls you allege in the Complaint as the basis for the Complaint were initiated using an "automatic telephone dialing system" or using an "artificial or prerecorded voice.

**REQUEST NO. 21:** Admit that for any of the 30 telephone calls you allege in the Complaint as the basis for the Complaint that you personally answered, you heard a human voice on the line.

**REQUEST NO. 22:** Admit that, at some point prior to initiation of this litigation, you listed the telephone number ███-2049 in a request or application for credit.

**REQUEST NO. 23:** Admit that, at some point prior to initiation of this litigation, you listed the telephone number ███-0799 in a request or application for credit.

**REQUEST NO. 24:** Admit that, at some point prior to initiation of this litigation, you listed the telephone number ███-7513 in a request or application for credit.

**REQUEST NO. 25:** Admit that you are not aware of any other instances where Allied Interstate called other persons on their cellular telephones without consent.

/s/ Stephen T. Fowler
Stephen T. Fowler  (D. Md. Bar No. 16881)
REED SMITH LLP
3110 Fairview Park Dr., Suite 1400
Falls Church, VA 22042
Phone:  703.641.4262
Facsimile:  703.641.4340
sfowler@reedsmith.com

Michael B. Roberts (D. Md. Bar No. 17785)
REED SMITH LLP
1301 K Street NW
Suite 1100 – East Tower
Washington, DC 20005
Phone: 202.414.9288
Facsimile: 202.414.9299
mroberts@reedsmith.com

*Counsel for Defendant*
*Allied Interstate LLC*

Dated:  March 12, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March, 2014, I caused a true and correct copy of the foregoing *Allied Interstate's Requests for Admission to Plaintiff* to be served on the Plaintiff via email and also via United States first-class mail, postage prepaid, on the Plaintiff at the following address:

Felix Nieto
P.O. Box 773
Fulton, MD  20759

/s/ Stephen T. Fowler
Stephen T. Fowler (D. Md. Bar No. 16881)
REED SMITH LLP
3110 Fairview Park Dr., Suite 1400
Falls Church, VA 22042
Telephone:  703.641.4262
Facsimile:   703.641.4340
sfowler@reedsmith.com

*Counsel for Defendant Allied Interstate LLC*