UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND



FELIX NIETO,

Plaintiff,

v.

ALLIED INTERSTATE, LLC.,
Defendant.

Case No. 1:13-cv-03495-CCB
Hon. Catherine C. Blake

## PLAINTIFF'S OPPOSITION FOR DEFENDANT'S MOTION FOR SUMMARY

## JUDGMENT

The Plaintiff in this matter, Felix Nieto, pursuant to the Court's Scheduling Order of January 13, 2014, hereby files this Opposition Response to the Defendant, Allied Interstate, LLC hereafter known as Allied Interstate, move for Summary Judgment and hereby refutes all of the claims by the Defendant that there is no genuine dispute of the material fact in this case and hereby seeks for dismissal of the Defendant's Motion for Summary Judgment full and partial as supported by the following response:

**The Defendant claims:**

There is no genuine dispute of material fact in regard to the claims before this Court, and on the undisputed facts the Defendant is entitled to judgment as a matter of law for the following reasons:

**The Plaintiff response:**

All the facts are in dispute and therefore a Summary Judgment would deny the Plaintiff the opportunity to demonstrate for a jury that the Defendant did in fact willfully or knowingly violate the TCPA and is entitled to relief including treble damages.

**The Defendant claim:**

1.      Defendant did not use an "automatic telephone dialing system" or "artificial or prerecorded voice" to make any calls to the Plaintiff, and thus Plaintiff cannot establish a necessary element of his claim for relief under the TCPA.

**The Plaintiff response:**

1.      In order for the defendant to be competitive in today's debt collection industry/marketplace they have to use an autodial system in some form when making calls, and store numbers in their system, as demonstrated in exhibit A, picture of system database with name, phone number etc.  These systems allow for autodialing the phone number in the system database, non-storing of these numbers would place the company at an unfair disadvantage. Allied Interstate failed to comply with the request of providing the equipment brand name, software used, operator and programming manuals that would established specifically what capability their system has.  This request was made both in the Interrogatories and request for production.  In all cases the Defendant failed to comply with the request that would have shown that they were in fact using equipment referenced in the TCPA.  A simple statement from non-tech corporate officers that they did not use this equipment does not resolve the need for this information.  Had Allied Interstate in fact not used autodial systems as defined in the TCPA, they would have been eager to provide the technical information that would have exonerated the

premise that they do not use automatic dialing equipment in their normal course of business. Hence the need to dismiss this Summary Judgment request and move towards full trial. This legal maneuvering and failure to comply with the request implies that they are in fact hiding the material facts that the Defendant claims to not be in dispute. An example of just the many attempts to evade answering any of the Plaintiff's request to the Defendant for Request for Production, Request #12. We simply asked for the user and programming manual to determine whether their system had an autodialer built in. Instead of simply providing the manual which would have cleared up any doubts to the capability of their system, the legal response was vague, does not understand what are user manuals are and then claims it is covered under attorney-client privileges. These are standard factory manuals written by the manufacturer of the equipment and not written by the attorneys that are making the claim unless of course they are software engineers and also work as legal counsel. These documents are easily available to the public if Allied Interstate would release the manufacture, model, software used etc., but instead they hide this info and have been consistently non-complaint with the Request for Production, Interrogatories, you will be able to read their response in Exhibit B and C. Finally page 3 #11 of Allied Interstate's Objections and Responses to Plaintiff's First Set of Interrogatories General Objections states that "Counsel for Dr. Cranford objects to each Interrogatory to the extent it constitutes a premature contention interrogator...", I don't understand the nature of this information and seems to have no bearing to this case. If there were so solid on their legal position, they would gladly comply with full disclosure.

**The Defendant claim:**

2.      Plaintiff's Complaint alleged that the TCPA was triggered by Defendant's calls to Plaintiff's "cell phone," but the undisputed facts demonstrate that the telephone number at issue

in this litigation was not assigned to a cellular service, but rather to a Voice Over IP ("VOIP") digital phone service that is distinguishable from a "cellular telephone service."

**The Plaintiff response:**

2.      The TCPA specifies a wider based of defined cellular/rf system than purely claimed by Allied Interstate.  The Plaintiff who is a subject matter expert in Telecommunication Industry with over 30 years as a design and systems engineer, is in a perfect position to describe the technical nature of the RF/Cellular based system that he has implemented at his home.  The defendant relied on inaccurate data from databases that have been slow to properly define the technology and made its conclusion that his system was Voice Over IP ("VOIP") and not cellular and thus exempt from the TCPA, it is the responsibility of the Defendant to make sure its source are accurate. Shifting blame to its source collection method as a way to claim it was not willfully and deliberately violating the TCPA is not acceptable.  Exhibit D demonstrates that the owner of the underlying telecommunication line is MCI, as provided as evidence by Allied Interstate, it is in fact owned by ACN, while it is possible that MCI may have owned it at one time, ACN is the keeper of a significant block of phone numbers. The TCPA specifies:

**Telephone Consumer Protection Act** 47 U.S.C. § 227

**Sec.227. [47U.S.C.227] RESTRICTIONS ON THE USE OF TELEPHONE EQUIPMENT**

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or

made with the prior express consent of the called party) using any

automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular

telephone service, specialized mobile radio service, or other radio

common carrier service, or any service for which the called party is

charged for the call;

(B) to initiate any telephone call to any residential telephone line using an

artificial or prerecorded voice to deliver a message without the prior

express consent of the called party, unless the call is initiated for

emergency purposes or is exempted by rule or order by the Commission

under paragraph (2)(B);

Paragraph (iii) specifies that any system not just cellular but paging, mobile radio service,

radio common carrier, or any service for which the called party is charged for the call.

The Plaintiff's home based phone system is a hybrid cellular, mobile radio system based

on the ACN IRIS V Video Phone with a RF wireless link to a mobile broadband router

on an underlying Sprint Cellular backbone.  Appartently the defendant does not

understand the technology that they claim to not be violating with terms such as VOIP.

VOIP is not the base technology but the high level protocol used to define the method

that digital information transverse a digital network.  Cellular phone system, digital

phone system all use some form of VOIP protocol traffic to send the digital voice packet

information from the originator to the destination.  Only Plain Old Telephone Service

("POTS") does not employ that technology.  So the Defendant's use on the term is inaccurate and those their premise is flawed.  And in addition to this description, the TCPA is broader than simply cellular phone technology, again Allied Interstate did in fact violate this provision in the law, and it was willful as they repeated the calling to multiple numbers after they were verbally informed to cease and decease, simply moving to another number does not exempt Allied Interstate from the provisions of the law.

**The Defendant claim:**

3.      Undisputed facts demonstrate that Defendant did not willfully or knowingly violate subsection 227(b) of the TCPA, and thus Defendant is entitled to partial summary judgment on Plaintiff's claim for treble damages in the event this Action is not dismissed in its entirety.

**The Plaintiff response:**

3.      The Defendant repeated and willfully violated multiple provisions of the TCPA subsection 227(b).  The Defendant refused to comply with proper disclosure of the Discover provision to provide documentation that their system complied with the TCPA 227(b) and after being notified verbally (they are not required to be notified in writing unless there is an express consent and there was not express consent, or a business relationship between the Plaintiff and the Defendant.  When the Defendant was notified on one of his cellular-based line 0799, the Defendant then just switch to his other cellular-based line 2049.  The Plaintiff in the Request for Production and Interrogatories, requested proof of express consent, proof of the nature of the calls and none was provide, an example that the material facts in this case are in dispute.  The Defendant also has a consistent track record of violating the FDCPA/TCPA as illustrated by the suit brought by the Maryland State Collection Agency Licensing Board in the Office of the

-7-

Commissioner of Financial Regulation Case # DFR-FY-2010-025 and the FTC 0:10-cv-04295-PJS-AJB and various Plaintiff's, a couple of examples are provided in Exhibit E and F, the cases are too numerous to provide to the court but additional example could be made available through public record as part of the jury trial.

For the' reasons set forth above and in the accompanying supporting documents the Plaintiff respectfully requests that this Court deny the Defendant's Motion for Summary Judgment in all parts including the partial summary judgment request on the question of treble damages.

Respectfully submitted,

Felix Nieto
P.O. Box 773
Fulton, MD 20759
Phone: 240.398.0799
Email: fnietoii@goacn.net

Dated: June 18, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2014, I cause a true and correct copy of the

foregoing *Plaintiff Opposition for Defendant's Motion for Summary Judgment* to be served on

the Defendant via United States first-class mail, postage prepaid, at the following address:


Stephen T. Fowler
REED SMITH LLP
3110 Fairview Park Dr., Suite 1400
Falls Church, VA 22042
Telephone: 703.641.4262
Facsimile: 703.641.4340
sfowler@reedsmith.com


Felix Nieto, Pro Se
P.O. Box 773
Fulton, MD 20759
Phone: 240.398.0799
Email: fnietoii@goacn.net

Dated: June 18, 2014