**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND**

| | |
|---|---|
| FELIX NIETO, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| | ) Case No. 1:13-cv-03495-CCB |
| v. | ) Hon. Catherine C. Blake |
| | ) |
| ALLIED INTERSTATE, INC., | ) |
| *Defendant.* | ) |
| | ) |

## ALLIED INTERSTATE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rule 104.6 of the Local Rules for the U.S. District Court for the District of Maryland, Defendant Allied Interstate LLC, formerly known as Allied Interstate, Inc. (collectively "Defendant" or "Allied Interstate"), through undersigned counsel, hereby objects and responds to Plaintiff Felix Nieto's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.      Allied Interstate objects to each Interrogatory, Definition, and Instruction to the extent it seeks information or purports to impose obligations beyond the scope permitted by the Federal Rules of Civil Procedure, the Local Rules, the rulings of this Court, and applicable case law.

2.      Allied Interstate objects to each Interrogatory to the extent it calls for or could be construed to call for information that is protected from disclosure under the attorney-client privilege, the work product doctrine, and/or any other privilege or protection from disclosure afforded to Allied Interstate under the Federal Rules of Civil Procedure, the Local Rules, or any

other law. Allied Interstate expressly reserves all rights to assert that material is protected by the attorney-client privilege, the attorney work product protection, and all other applicable privileges and protections. Inadvertent disclosure or production of any privileged information or document otherwise immune from discovery shall not be deemed a waiver of any applicable privilege or work product protection.

3.    Allied Interstate further objects to each Interrogatory to the extent it purports to require Allied Interstate to reveal the mental impressions and/or work product of counsel regarding what documents support or contradict, concern, reflect, or otherwise relate to certain allegations or statements in this lawsuit on the grounds that such information is privileged and protected from disclosure. Allied Interstate objects to any characterization of relevance of such documents and things, of any reliance of Allied Interstate on such documents and things, and/or as to the admissibility of such documents and things.

4.    Allied Interstate objects to each Interrogatory to the extent it calls for or could be construed to call for information not relevant to the subject matter of the Complaint and not reasonably calculated to lead to the discovery of admissible evidence.

5.    Allied Interstate objects to each Interrogatory to the extent it calls for or could be construed to call for proprietary, trade secret or otherwise confidential information. Allied Interstate will produce such information, to the extent it is otherwise responsive and not otherwise objectionable, to the extent indicated below, only pursuant to a Protective Order governing confidential information. All information that Allied Interstate provides in response to interrogatories or document requests is provided under an express understanding of confidentiality and use limited to the present litigation. The disclosure of information responsive to these interrogatories shall not be deemed a waiver of Allied Interstate's right to protection

from disclosure of such confidential or proprietary information.

6.  Allied Interstate objects to each Interrogatory to the extent it seeks information the release of which would be a violation of any constitutional, statutory, or common law protection of privacy rights.

7.  Allied Interstate objects to each Interrogatory to the extent it imposes an undue burden or expense upon Allied Interstate. Allied Interstate objects to each Interrogatory as overly burdensome to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive; or is already in Plaintiff's possession, custody, or control; or is already in the possession, custody, or control of any of Plaintiff's agents, attorneys, representatives, or anyone else acting for or on Plaintiff's behalf.

8.  Allied Interstate objects to each Interrogatory to the extent it seeks information outside Allied Interstate's possession, custody, or control or purports to require the production of documents and/or information that is not reasonably accessible.

9.  Allied Interstate objects to each Interrogatory to the extent it does not identify the information sought with sufficient specificity and particularity.

10.  Allied Interstate objects to each Interrogatory to the extent that it is vague, ambiguous, and overly broad, and therefore would require Allied Interstate to make a subjective determination as to what information is being sought.

11.  Counsel for Dr. Cranford objects to each Interrogatory to the extent it constitutes a premature contention interrogatory that would require Allied Interstate to commit to a position and give factual specifics supporting its claim in the absence of sufficient discovery.

12.  In making these objections and responses, Allied Interstate does not concede the relevancy, materiality or admissibility of any interrogatory or document request or the

information, documents or subject matter to which any interrogatory or document request refers. Allied Interstate interposes these objections subject to, and without in any way waiving or intending to waive: (a) all questions as to competency, relevancy, materiality, privilege, and admissibility of information or documents for any purpose, including the right to object to the use of the information in any subsequent proceeding, trial or hearing in this action or any actions; (b) the right to object to other discovery procedures involving or related to the subject matter of the interrogatories and discovery requests responded to; and (c) the right at any time to revise, correct, or clarify any of the Responses set forth, or the documents referred to, consistent with the Federal Rules of Civil Procedure, the Local Rules, and other applicable law. All objections are therefore reserved and may be interposed at the time of trial.

13.     Allied Interstate states that these responses are based upon information obtained and reviewed in discovery to date. Allied Interstate's factual investigation and discovery of information and documents relating to the allegations in the Complaint is continuing in nature. Allied Interstate's responses herein are based only upon current knowledge and reasonable belief Allied Interstate reserves the right to modify and/or supplement these responses as discovery progresses.

14.     The information contained herein may include information from documents or other sources that Allied Interstate believes are pertinent to the answers. Consequently, the answers contained herein may not be deemed admissions for purposes of trial or other proceedings herein.

15.     No incidental or implied admissions of any nature whatsoever is intended by this response. The fact that any Interrogatory has been answered should not be taken as an admission, acceptance, or concession of the existence of any facts set forth or assumed by such

Interrogatory, or that such answers constitute admissible evidence or evidence of any fact set forth or assumed. All questions which assume facts are objected to on that basis and any answer provided thereto is provided without waiving such objection. The fact that Allied Interstate has answered part or all of the Interrogatory is not intended and should not be construed as a waiver by Allied Interstate of all or any objections to any document request, interrogatory or other discovery request.

16.     Allied Interstate objects to all presumptions, depictions, and/or characterizations in the Interrogatories of Allied Interstate's positions on issues relating to this case. By responding to these Interrogatories, Allied Interstate takes no position on such presumptions, depictions, and/or characterizations, and specifically denies any presumptions, depictions, and/or characterizations made by Plaintiff on issues relating to this case.

17.     Allied Interstate objects to each Interrogatory to the extent it is, in effect, multiple interrogatories. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff may serve only 25 interrogatories (including all discrete subparts), and Plaintiff has not sought and the Court has not granted leave for Plaintiff to serve additional interrogatories. Even read in the most conservative light, Plaintiff's Interrogatories include more than the permitted number of distinct questions. Propounding this many Interrogatories without a showing of good cause is oppressive, unduly burdensome, and appears to be intended solely to harass Allied Interstate.

18.     Allied Interstate objects to the Plaintiff's definition of "Defendant" as it is overly broad, unduly burdensome and seeks information which is beyond what is permissible under Rule 26 and 33 as it purports to request information relating to persons or entities who are unrelated to the present Action and for whom Allied Interstate bears no responsibility.

19.     Allied Interstate notes that discovery is ongoing in this matter. Allied Interstate

specifically reserves the right to modify, update, amend, or supplement any response contained herein at any time.

20.    Each of the foregoing General Objections is incorporated in each of the responses hereinafter set forth. Any Specific Objections provided below are made in addition to these General Objections and failure to reiterate a General Objection below does not constitute a waiver or limitation of that or any other objection.

Subject to and without waiving these general objections, Allied Interstate responds as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:** IDENTIFY (by style, court, and cause number) all lawsuits which were filed during the last four years and in which it was alleged that you engaged in improper attempts to collect one or more debts.

### OBJECTIONS AND RESPONSE:

In addition to the General Objections, Allied Interstate objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vexatious, harassing, not reasonably tailored to elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Allied Interstate objects to this Interrogatory to the extent it seeks information already within the Plaintiff's custody or control or available to the Plaintiff through less burdensome means, in particular because the identification of all such lawsuits is a matter of public record. Allied Interstate objects to this Interrogatory to the extent it seeks information outside of Allied Interstate's custody, control or possession.

- 6 -

Subject to and without waiving any specific or General Objection, Allied Interstate states that all information sought by Interrogatory is a matter of public record, and Plaintiff may obtain the information through public sources which constitute less burdensome means.

**INTERROGATORY NO. 2:** IDENTIFY the equipment used to make all calls to Plaintiff.

**<u>OBJECTIONS AND RESPONSE</u>:**

In addition to the General Objections, Allied Interstate objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Allied Interstate objects to this Interrogatory to the extent it seeks information outside of Allied Interstate's custody, control or possession. Allied Interstate objects to this Interrogatory to the extent it seeks confidential, personal, proprietary or otherwise restricted information. Allied Interstate objects to this Interrogatory on the grounds that it is vague, ambiguous and incomprehensible to the extent Plaintiff requests information concerning "calls to Plaintiff" but at no time has Plaintiff identified what calls he is referring to or any telephone number at issue in this Action.

Subject to and without waiving any specific or General Objection, Allied Interstate states that the incomprehensibility of Interrogatory No. 2, including the failure of the Interrogatory or Complaint to identify what calls or telephone number the Interrogatory is asking about, prevents the identification of any information that Plaintiff may have intended to seek through Interrogatory No. 2.

**INTERROGATORY NO. 3:** IDENTIFY the substance and Purpose of all calls Defendant made to Plaintiff.

**OBJECTIONS AND RESPONSE**:

In addition to the General Objections, Allied Interstate objects to this Interrogatory on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Allied Interstate objects to this Interrogatory to the extent it seeks information already within the Plaintiff's custody or control or available to the Plaintiff through less burdensome means, including because Plaintiff alleges to have been a party to all calls he alleges Defendant made to Plaintiff. Allied Interstate objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Allied Interstate further objects to this Interrogatory to the extent it calls for a legal conclusion as to what constitutes "calls Defendant made to Plaintiff." Allied Interstate objects to this Interrogatory to the extent it is, in effect, at least two separate interrogatories.

Subject to and without waiving any specific or General Objection, Allied Interstate states that the incomprehensibility of Interrogatory No. 3, including the failure of the Interrogatory or Complaint to identify what calls or telephone number the Interrogatory is asking about, prevents the identification of any information that Plaintiff may have intended to seek through Interrogatory No. 3.

**INTERROGATORY NO. 4:** IDENTIFY if Defendant requested or obtained any portion of the Plaintiff credit report(s) with any credit reporting agencies since the filing of these legal proceedings by Plaintiff (including inquiry).

**OBJECTIONS AND RESPONSE**:

In addition to the General Objections, Allied Interstate objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the

- 8 -

discovery of admissible evidence, in particular because whether Defendant requested or obtained any portion of Plaintiff's credit report has no relevance or potential relevance to the issues in this case, and especially because the Interrogatory references the prior of time after the filing of this Action. Allied Interstate objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving any specific or General Objection, Allied Interstate states that actions taken by Defendant "since the filing of these legal proceedings by Plaintiff" are not relevant to the issues to be decided in this case, are not admissible nor may they elicit information that might be relevant to this lawsuit, and moreover are protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

**INTERROGATORY NO. 5:** IDENTIFY the Permit Number(s) for any automatic dialing system that the defendant uses in it daily operations.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vexatious, harassing, not reasonably tailored to elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence, including because the Interrogatory is not limited to information pertaining to the alleged calls at issue in this litigation. Allied Interstate objects to this Interrogatory to the extent it seeks information outside of Allied Interstate's custody, control or possession. Allied Interstate objects to this Interrogatory to the extent it seeks confidential, personal, proprietary or otherwise restricted information. Allied Interstate objects to this Interrogatory to the extent it calls for a legal conclusion as to what constitutes a use by the

Defendant, what constitutes daily operations, and what constitutes an "automatic dialing system."

Subject to and without waiving any specific or General Objection, Allied Interstate states that the incomprehensibility of Interrogatory No. 5, including the failure of the Interrogatory or Complaint to identify what Plaintiff means by the undefined term "Permit Number(s)" and "automatic dialing system," prevents the identification of any information that Plaintiff may have intended to seek through Interrogatory No. 5.

**INTERROGATORY NO. 6:** IDENTIFY all sources where you and any predecessor/creditor on the alleged account obtained Plaintiff's phone number, and the precise circumstances under which you obtained such.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not reasonably tailored to elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence, including because it purports to seek information about parties other that Allied Interstate. Allied Interstate objects to this Interrogatory to the extent it seeks information already within the Plaintiff's custody or control or available to the Plaintiff through less burdensome means, in particular because Plaintiff's instructions require "YOU" and "YOUR" to "refer to the Plaintiff in the above-captioned matter, Felix Nieto, as well as his agents, attorneys, representatives, and any other person acting at his direction or on his behalf," and thus Interrogatory No. 6 seeks the identification of Plaintiff's sources of information. Allied Interstate objects to this Interrogatory to the extent it seeks information outside of Allied Interstate's custody, control or possession. Allied Interstate objects to this Interrogatory to the

- 10 -

extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Allied Interstate further objects to this Interrogatory on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by the terms and phrases "sources" and "predecessor/creditor." Allied Interstate objects to this Interrogatory on the grounds that it is vague, ambiguous and incomprehensible to the extent Plaintiff requests information concerning "Plaintiff's phone number" but at no time has Plaintiff identified what calls he is referring to or any telephone number at issue in this Action, and to the extent Plaintiff request information concerning "the alleged account" but at no time has Plaintiff identified what account he is referring to or any telephone number associated with such account. Allied Interstate objects to this Interrogatory to the extent it is, in effect, at least four separate interrogatories.

Subject to and without waiving any specific or General Objection, Allied Interstate states that it is unaware of and thus lacks information sufficient to identify where Plaintiff obtained his phone number and any related circumstances under which he obtained it. Moreover, the incomprehensibility of Interrogatory No. 6, including the failure of the Interrogatory or Complaint to identify what telephone number or account the Interrogatory is asking about, prevents the identification of any information that Plaintiff may have intended to seek through Interrogatory No. 6.

**INTERROGATORY NO. 7:** IDENTIFY all of your dialers (including third party, cloud-based, hosted and other dialing companies), equipment and software, including for example any Livevox, SoundBite, Nobel, Ensemble Pro and/or Aspect equipment) systems/software. Include the company make, model, physical location and how they are used, and whether they were used to call Plaintiff.

- 11 -

## **OBJECTIONS AND RESPONSE**:

In addition to the General Objections, Allied Interstate objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vexatious, harassing, not reasonably tailored to elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence, including because this Interrogatory seeks information unrelated to the alleged telephone calls that are the subject of this Action. Allied Interstate objects to this Interrogatory, in particular because Plaintiff's instructions require "YOU" and "YOUR" to "refer to the Plaintiff in the above-captioned matter, Felix Nieto, as well as his agents, attorneys, representatives, and any other person acting at his direction or on his behalf," and thus Interrogatory No. 7 seeks the identification of Plaintiff's dialers, equipment and software. Allied Interstate objects to this Interrogatory to the extent it seeks information outside of Allied Interstate's custody, control or possession. Allied Interstate objects to this Interrogatory to the extent it seeks confidential, personal, proprietary or otherwise restricted information, including information pertaining to third parties not involved with the present litigation. Allied Interstate further objects to this Interrogatory on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by numerous terms and phrases in the Interrogatory, including "dialers," "third party," "cloud-based," "hosted," "dialing companies," "equipment," and "software," and to the extent it calls for a legal conclusion as to what those terms mean. Plaintiff's instructions also require that capitalized words or phrases be given the meaning ascribed to them in the "DEFINITIONS" section of Plaintiff's interrogatories, but then Plaintiff fails to define the capitalized terms "Livevox," "SoundBite," Nobel," "Ensemble Pro," and "Aspect." Allied Interstate objects to this Interrogatory on the grounds that it is vague, ambiguous and incomprehensible to the extent

Plaintiff requests information concerning calls to Plaintiff, but at no time has Plaintiff identified what calls he is referring to or any telephone number at issue in this Action. Allied Interstate objects to this Interrogatory to the extent it is, in effect, at least eighteen (18) and possibly thirty (30) or more separate interrogatories, and thereby exceeds the number of interrogatories permitted by Fed. R. Civ. P. 33 and for that reason is overbroad, unduly burdensome, vexatious, and harassing under the Federal Rules of Civil Procedure and applicable law.

Subject to and without waiving any specific or General Objection, Allied Interstate states that it is unaware of and thus lacks information sufficient to identify what dialers, equipment or software Plaintiff uses. Moreover, the incomprehensibility of Interrogatory No. 7, including the failure of the Interrogatory or Complaint to identify what telephone number or account the Interrogatory is asking about, prevents the identification of any information that Plaintiff may have intended to seek through Interrogatory No. 7.

**INTERROGATORY NO. 8:** IDENTIFY all employees, persons (including any third party, for example, Livevok or soundBite) and departments involved with use or implementation of your Dialer or use of Pre-recorded or artificial voice messages.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vexatious, harassing, not reasonably tailored to elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence, including because this Interrogatory seeks information unrelated to the alleged telephone calls that are the subject of this Action. Allied Interstate objects to this Interrogatory to the extent it seeks information already within the Plaintiff's custody or control or available to the Plaintiff through less burdensome means, in particular because Plaintiff's

instructions require "YOU" and "YOUR" to "refer to the Plaintiff in the above-captioned matter, Felix Nieto, as well as his agents, attorneys, representatives, and any other person acting at his direction or on his behalf," and thus Interrogatory No. 8 seeks the identification of persons and departments involved with Plaintiff's own activities. Allied Interstate objects to this Interrogatory to the extent it seeks information outside of Allied Interstate's custody, control or possession. Allied Interstate objects to this Interrogatory to the extent it seeks confidential, personal, proprietary or otherwise restricted information, including information pertaining to third parties not involved with the present litigation. Allied Interstate further objects to this Interrogatory on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by numerous terms and phrases in the Interrogatory, including "Dialers," "use of . . . messages," "Pre-recorded," and "artificial voice," and to the extent it calls for a legal conclusion as to what those terms mean." Plaintiff's also instructions require that capitalized words or phrases be given the meaning ascribed to them in the "DEFINITIONS" section of Plaintiff's interrogatories, but then Plaintiff fails to define the capitalized terms "Livevox," "Dialer," and "Pre-recorded." Allied Interstate objects to this Interrogatory to the extent it is, in effect, at least three (3) and possibly nine (9) or more separate interrogatories, and thereby exceeds the number of interrogatories permitted by Fed. R. Civ. P. 33 and for that reason is overbroad, unduly burdensome, vexatious, and harassing under the Federal Rules of Civil Procedure and applicable law.

Subject to and without waiving any specific or General Objection, Allied Interstate states that it is unaware of and thus lacks information sufficient to identify who is involved with use or implementation of Plaintiff's dialer. Moreover, the incomprehensibility of Interrogatory No. 8, including the failure of the Interrogatory or Complaint to identify or define what Plaintiff means

by "Dialer," Prerecorded . . . messages," and "artificial voice messages," prevents the

identification of any information that Plaintiff may have intended to seek through Interrogatory

No. 8.

**INTERROGATORY NO. 9:** IDENTIFY all attempted and successful communications

(including but not limited to telephone calls) regarding any alleged account associated with any

of the following information: Felix Nieto, Plaintiff and/or any telephone number ending in 2049

and 0799.

### OBJECTIONS AND RESPONSE:

In addition to the General Objections, Allied Interstate objects to this Interrogatory on the

grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or

otherwise describe precisely what is contemplated by the references to numbers "ending in 2049

and 0799," as the scope of that inquiry could include hundreds of thousands of separate numbers.

Allied also objects that the request is overbroad, unduly burdensome, not reasonably tailored to

elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery

of admissible evidence, including because it is not limited to communications allegedly

originated by Defendant, it requests information about hundreds of thousands of unidentified

telephone numbers that do not belong to Plaintiff and are not at issue in this litigation, and

because it request information about communications other than the alleged telephone calls at

issue in this litigation. Allied Interstate objects to this Interrogatory to the extent it seeks

information already within the Plaintiff's custody or control or available to the Plaintiff through

less burdensome means, in particular because Plaintiff' alleges he was a party to the alleged

communications between him and the Defendant. Allied Interstate objects to this Interrogatory

to the extent it seeks confidential, personal, proprietary or otherwise restricted information,

including information pertaining to third parties not involved with the present litigation. Allied Interstate further objects to this Interrogatory on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by the phrase "alleged account." Allied Interstate objects to this Interrogatory to the extent it calls for a legal conclusion as to what constitutes a communication. Allied Interstate objects to this Interrogatory to the extent it is, in effect, at least eight separate interrogatories, and thereby exceeds the number of interrogatories permitted by Fed. R. Civ. P. 33 and for that reason is overbroad, unduly burdensome, vexatious, and harassing under the Federal Rules of Civil Procedure and applicable law.

Subject to and without waiving any specific or General Objection, Allied Interstate states that Plaintiff Felix Nieto is not a customer of Allied Interstate and does not have an account with Allied Interstate.

**INTERROGATORY NO. 10:** IDENTIFY each and "any" non-privileged matter that is relevant to any party's claim or defense-including: a) the existence, description, nature, custody, condition and location of any documents or other tangible things and b) the identity and location of persons who knows of any discoverable matter." FRCP 33; 26(b).

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent the Interrogatory requests all unidentified information to the fullest extent permitted by Rule 33 without regard need or burden. Allied Interstate objects to this Interrogatory to the extent it seeks confidential, personal, proprietary or otherwise restricted information. Allied Interstate further objects to this Interrogatory on the

grounds that it is vague and ambiguous, particularly to the extent it fails to include any specific request for information, and it fails to define, delimit, or otherwise describe precisely what is contemplated by the term "matter." Allied Interstate objects to this Interrogatory to the extent it calls for a legal conclusion as to what constitutes a "matter that is relevant to any party's claim or defense." Allied Interstate objects to this Interrogatory to the extent it is, in effect, at least seven separate interrogatories, and thereby exceeds the number of interrogatories permitted by Fed. R. Civ. P. 33 and for that reason is overbroad, unduly burdensome, vexatious, and harassing under the Federal Rules of Civil Procedure and applicable law.

Subject to and without waiving any specific or General Objection, Allied Interstate states that the incomprehensibility of Interrogatory No. 10, including the failure of the Interrogatory to include any request for specific information, prevents the identification of any information that Plaintiff may have intended to seek through Interrogatory No. 10.

**INTERROGATORY NO. 11:** IDENTIFY (by name, address and telephone number) all long distance telephone service providers which you used to attempt to collect the alleged debt/account, as well as your primary billing address and your primary number(s)

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Interrogatory on the grounds that it is overbroad, not reasonably tailored to elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence, including because the identity of long distance service providers and billing addresses are not relevant to any issue in this Action. Allied Interstate objects to this Interrogatory to the extent it seeks information already within the Plaintiff's custody or control or available to the Plaintiff through less burdensome means, in particular because Plaintiff's instructions require "YOU" and "YOUR" to

"refer to the Plaintiff in the above-captioned matter, Felix Nieto, as well as his agents, attorneys, representatives, and any other person acting at his direction or on his behalf," and thus Interrogatory No. 11 seeks the identification of long distance telephone service provides used by the Plaintiff. Allied Interstate objects to this Interrogatory to the extent it seeks information outside of Allied Interstate's custody, control or possession. Allied Interstate objects to this Interrogatory to the extent it seeks confidential, personal, proprietary or otherwise restricted information. Allied Interstate further objects to this Interrogatory on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by the terms "the alleged debt/account," "primary billing address," and "primary number(s)," nor does it identify what "alleged debt/account" the Interrogatory is asking about nor any telephone number that might have been involved. Allied Interstate objects to this Interrogatory to the extent it calls for a legal conclusion as to what constitutes an attempt to collect. Allied Interstate objects to this Interrogatory to the extent it is, in effect, at least three separate interrogatories.

Subject to and without waiving any specific or General Objection, Allied Interstate states that it is unaware of and thus lacks information sufficient to identify Plaintiff's long distance telephone service providers, billing address, or "primary number(s)." Moreover, the incomprehensibility of Interrogatory No. 11, including the failure of the Interrogatory or Complaint to identify or define what Plaintiff means by "alleged debt/account," prevents the identification of any information that Plaintiff may have intended to seek through Interrogatory No. 11.

**INTERROGATORY NO. 12:** IDENTIFY (by date, name, address and telephone number) any credit bureau/credit reporting agencies that the Defendant and/or its agents used to obtain or inquire about Plaintiff during these legal proceedings .

**OBJECTIONS AND RESPONSE:** Allied refers Plaintiff to its Objections and Response to Interrogatory No. 4.

**INTERROGATORY NO. 13:** IDENTIFY and state the name(s) of all collection software used by you (to create and maintain collection notes and records and/or for an automated or predictive telephone dialer) when attempting to collect on the alleged account.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Interrogatory on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by the terms and phrases "collection software," "collection notes," "records," "automated dialer," or :predictive telephone dialer," nor does it identify what "alleged account" the Interrogatory is asking about nor any telephone number that might have been involved. Allied Interstate objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not reasonably tailored to elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence, including because the Interrogatory fails to identify what "alleged account" the Interrogatory is asking about. Allied Interstate objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Allied Interstate objects to this Interrogatory to the extent it seeks confidential, personal, proprietary or otherwise restricted information, including information pertaining to third parties not involved with the present litigation. Allied Interstate objects to this Interrogatory to the extent it calls for a

legal conclusion as to what constitutes an attempt to collect and an "automated or predictive telephone dialer."

Subject to and without waiving any specific or General Objection, Allied Interstate states that it is unaware of and thus lacks information sufficient to identify what software Plaintiff uses. Moreover, the incomprehensibility of Interrogatory No. 13, including the failure of the Interrogatory or Complaint to identify or define what Plaintiff means by "alleged account," prevents the identification of any information that Plaintiff may have intended to seek through Interrogatory No. 13.

**INTERROGATORY NO. 14:** IDENTIFY each and every expert witness that you expect to testify or may seek to have testify at trial in this lawsuit as a witness of the Defendant, including by identifying the substance of his/her purported testimony and opinions and the bases (if any) for his/her purported testimony and opinions.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Allied Interstate further objects to this Interrogatory on the grounds that it is premature under the Federal Rules, Local Rules, and Orders of the Court.

Subject to and without waiving any specific or General Objection, Allied Interstate states that it is unaware of and thus lacks information sufficient to identify what expert witness(es) Plaintiff expects to testify or may seek to have testify at trial. Allied Interstate further states that Interrogatory No. 14 is premature, but that Allied Interstate will identify its expert witnesses at

the time directed for such identification by the Federal Rules, Local Rules and Orders of the Court.

**INTERROGATORY NO. 15:** IDENTIFY as to how the Defendant came up with/obtain the name(s) Leticia Nieto and Hanrietta Turner on Defendant's interrogatory No. 18 to Plaintiff.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Interrogatory on the grounds that it Allied Interstate objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine, including because the Interrogatory seeks information about Defendant's counsel's investigation of this matter rather than about a historical fact. Allied Interstate objects to this Interrogatory to the extent it seeks confidential, personal, proprietary or otherwise restricted information, including information pertaining to third parties not involved with the present litigation. Allied Interstate further objects to this Interrogatory on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by the terms and phrases "came up with" and "obtain." Allied Interstate objects to this Interrogatory to the extent it is, in effect, at least two separate interrogatories, and thereby exceeds the number of interrogatories permitted by Fed. R. Civ. P. 33.

Subject to and without waiving any specific or General Objection, Allied Interstate states that the information requested by Interrogatory No. 15 is protected by the Attorney-Client Privilege and the Attorney Work Product Doctrine.

Defendant reserves the right to modify, update, amend, or supplement any response contained herein at any time.

/s/ Stephen T. Fowler
Stephen T. Fowler (D. Md. Bar No. 16881)
REED SMITH LLP
3110 Fairview Park Dr., Suite 1400
Falls Church, VA 22042
Phone: 703.641.4262
Facsimile: 703.641.4340
sfowler@reedsmith.com

Michael B. Roberts (D. Md. Bar No. 17785)
REED SMITH LLP
1301 K Street NW
Suite 1100 – East Tower
Washington, DC 20005
Phone: 202.414.9288
Facsimile: 202.414.9299
mroberts@reedsmith.com

*Counsel for Defendant Allied Interstate LLC*

Dated: April 14, 2014

## CERTIFICATION

I hereby certify that I have provided the foregoing responses to Plaintiff's First Set of Interrogatories on behalf of Allied Interstate LLC and that the information contained therein is true to the best of my knowledge.

Dated: _____          _____
                                    Charles Akins, Jr.
                                    Vice President – Operations
                                    iQor Holdings US Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2014, I caused a true and correct copy of

the foregoing *Allied Interstate's Objections and Responses to Plaintiff's First Set of*

*Interrogatories* to be served on the Plaintiff via United States first-class mail, postage prepaid, on

the Plaintiff at the following address:


     Felix Nieto
     P.O. Box 773
     Fulton, MD  20759


     /s/ Stephen T. Fowler
     Stephen T. Fowler (D. Md. Bar No. 16881)
     REED SMITH LLP
     3110 Fairview Park Dr., Suite 1400
     Falls Church, VA 22042
     Telephone:   703.641.4262
     Facsimile:    703.641.4340
     sfowler@reedsmith.com

     *Counsel for Defendant Allied Interstate LLC*