## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

| | |
|---|---|
| FELIX NIETO, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Case No. 1:13-cv-03495-CCB |
| v. | ) Hon. Catherine C. Blake |
| | ) |
| ALLIED INTERSTATE, INC., | ) |
| *Defendant.* | ) |
| | ) |

## ALLIED INTERSTATE'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Rule 104.6 of the Local Rules for the U.S. District Court for the District of Maryland, Defendant Allied Interstate LLC, formerly known as Allied Interstate, Inc. (collectively "Defendant" or "Allied Interstate"), through undersigned counsel, hereby objects and responds to Plaintiff Felix Nieto's First Set of Requests for Production of Documents as follows:

### GENERAL OBJECTIONS

1.      Allied Interstate objects to each Request, Definition, and Instruction to the extent it seeks information or purports to impose obligations beyond the scope permitted by the Federal Rules of Civil Procedure, the Local Rules, the rulings of this Court, and applicable case law.

2.      Allied Interstate objects to each Request to the extent it calls for or could be construed to call for information that is protected from disclosure under the attorney-client privilege, the work product doctrine, and/or any other privilege or protection from disclosure afforded to Allied Interstate under the Federal Rules of Civil Procedure, the Local Rules, or any other law.  Allied Interstate expressly reserves all rights to assert that material is protected by the

attorney-client privilege, the attorney work product protection, and all other applicable privileges and protections. Inadvertent disclosure or production of any privileged information or document otherwise immune from discovery shall not be deemed a waiver of any applicable privilege or work product protection.

3.      Allied Interstate further objects to each Request to the extent it purports to require Allied Interstate to reveal the mental impressions and/or work product of counsel regarding what documents support or contradict, concern, reflect, or otherwise relate to certain allegations or statements in this lawsuit on the grounds that such information is privileged and protected from disclosure. Allied Interstate objects to any characterization of relevance of such documents and things, of any reliance of Allied Interstate on such documents and things, and/or as to the admissibility of such documents and things.

4.      Allied Interstate objects to each Request to the extent it calls for or could be construed to call for information not relevant to the subject matter of the Complaint and not reasonably calculated to lead to the discovery of admissible evidence.

5.      Allied Interstate objects to each Request to the extent it calls for or could be construed to call for proprietary, trade secret or otherwise confidential information. Allied Interstate will produce such information, to the extent it is otherwise responsive and not otherwise objectionable, to the extent indicated below, only pursuant to a Protective Order governing confidential information. All information that Allied Interstate provides in response to interrogatories or document requests is provided under an express understanding of confidentiality and use limited to the present litigation. The disclosure of information responsive to these discovery requests shall not be deemed a waiver of Allied Interstate's right to protection from disclosure of such confidential or proprietary information.

6.      Allied Interstate objects to each Request to the extent it seeks information the release of which would be a violation of any constitutional, statutory, or common law protection of privacy rights.

7.      Allied Interstate objects to each Request to the extent it imposes an undue burden or expense upon Allied Interstate. Allied Interstate objects to each Request as overly burdensome to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive; or is already in Plaintiff's possession, custody, or control; or is already in the possession, custody, or control of any of Plaintiff's agents, attorneys, representatives, or anyone else acting for or on Plaintiff's behalf.

8.      Allied Interstate objects to each Request to the extent it seeks information outside Allied Interstate's possession, custody, or control or purports to require the production of documents and/or information that is not reasonably accessible.

9.      Allied Interstate objects to each Request to the extent it does not identify the information sought with sufficient specificity and particularity.

10.     Allied Interstate objects to each Request to the extent that it is vague, ambiguous, and overly broad, and therefore would require Allied Interstate to make a subjective determination as to what information is being sought.

11.     Allied Interstate objects to each Request to the extent that it seeks to require Allied Interstate to produce entire documents when portions are not responsive or are otherwise not subject to production. To the extent any responsive documents exist and are not otherwise objected to, Allied Interstate reserves the right to redact documents where only portions are responsive.

12.     Allied Interstate's agreement to produce non-privileged responsive documents in

-3-

response to any given Request is not an acknowledgement that any such documents exist, but rather a statement that non-privileged responsive documents will be produced to the extent such documents exist and are in Allied Interstate's possession, custody, and control.

13. Allied Interstate objects to each Request to the extent it requests that Allied Interstate produce electronically stored information ("ESI") in a particular manner and format. Allied Interstate will produce any ESI in its possession, custody, or control that is reasonably accessible and in a form to be specified by Allied Interstate or as agreed upon by the parties, to the extent indicated in the responses below.

14. In making these objections and responses, Allied Interstate does not concede the relevancy, materiality or admissibility of any interrogatory or document request or the information, documents or subject matter to which any interrogatory or document request refers. Allied Interstate interposes these objections subject to, and without in any way waiving or intending to waive: (a) all questions as to competency, relevancy, materiality, privilege, and admissibility of information or documents for any purpose, including the right to object to the use of the information in any subsequent proceeding, trial or hearing in this action or any actions; (b) the right to object to other discovery procedures involving or related to the subject matter of the discovery requests responded to; and (c) the right at any time to revise, correct, or clarify any of the Responses set forth, or the documents referred to, consistent with the Federal Rules of Civil Procedure, the Local Rules, and other applicable law. All objections are therefore reserved and may be interposed at the time of trial.

15. Allied Interstate states that these responses are based upon information obtained and reviewed in discovery to date. Allied Interstate's factual investigation and discovery of information and documents relating to the allegations in the Complaint is continuing in nature.

Allied Interstate's responses herein are based only upon current knowledge and reasonable belief Allied Interstate reserves the right to modify and/or supplement these responses as discovery progresses.

16.     No incidental or implied admissions of any nature whatsoever is intended by this response. The fact that any Request has been answered should not be taken as an admission, acceptance, or concession of the existence of any facts set forth or assumed by such Request, or that such answers constitute admissible evidence or evidence of any fact set forth or assumed. All questions which assume facts are objected to on that basis and any answer provided thereto is provided without waiving such objection. The fact that Allied Interstate has answered part or all of the Request is not intended and should not be construed as a waiver by Allied Interstate of all or any objections to any document request, interrogatory or other discovery request.

17.     Allied Interstate objects to all presumptions, depictions, and/or characterizations in the Requests of Allied Interstate's positions on issues relating to this case. By responding to these Requests, Allied Interstate takes no position on such presumptions, depictions, and/or characterizations, and specifically denies any presumptions, depictions, and/or characterizations made by Plaintiff on issues relating to this case.

18.     Allied Interstate objects to each Request to the extent it is, in effect, multiple requests. Each compound Request shall be counted as multiple requests for purposes of determining whether Plaintiff's Requests are overbroad, unduly burdensome, vexatious, or harassing under the Federal Rules of Civil Procedure and applicable law.

19.     Allied Interstate objects to each Request that purports to require the production of all documents "relating to" a specific subject on the grounds that by virtue of the definition provided for "relating to," all such requests are overly broad such as to require the production of

documents that merely indirectly relate and/or indirectly refer to the subject matter. On this basis

the requests seeking documents "relating to" a subject matter are overly broad, unduly

burdensome, seek irrelevant documents, and are not reasonably calculated to lead to the

discovery of admissible evidence.

20.     Allied Interstate objects to the Plaintiff's definition of "Defendant" as it is overly

broad, unduly burdensome and seeks information which is beyond what is permissible under

Rule 26 and 34 as it purports to request information relating to persons or entities who are

unrelated to the present Action and for whom Allied Interstate bears no responsibility.

21.     Allied Interstate notes that discovery is ongoing in this matter. Allied Interstate

specifically reserves the right to modify, update, amend, or supplement any response contained

herein at any time.

22.     Each of the foregoing General Objections is incorporated in each of the responses

hereinafter set forth. Any Specific Objections provided below are made in addition to these

General Objections and failure to reiterate a General Objection below does not constitute a

waiver or limitation of that or any other objection.

Subject to and without waiving these general objections, Allied Interstate responds as

follows:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Any all DOCUMENTS RELATING TO a

spreadsheet listing, a) all phone numbers called/used to communicate with the Plaintiff[;] b) Date

and Time of each call[;] c) Persons involved with making such call to Plaintiff[;] d) Substance

and purpose of the call(s) (including whether a pre-recorded message was played)[;] e)

Equipment used to make the call(s)[;] f) Model number of the equipment used to make the call(s)];] g) Permit number of the equipment used to make the call(s)[.]

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by the term "spreadsheet.". Allied further objects that the request is overbroad, unduly burdensome, not reasonably tailored to elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Allied Interstate objects to this Request to the extent it seeks information outside of Allied Interstate's custody, control or possession, including information about communications with which Allied Interstate is not alleged to have been involved. Allied Interstate objects to this Request to the extent it purports to require Allied Interstate to create a spreadsheet that is not already in existence and within Allied Interstate's custody, control or possession. Allied Interstate objects to this Request to the extent it seeks confidential, proprietary or otherwise restricted information.

Subject to and without waiving any specific or General Objection, Allied Interstate states that it is not aware of the spreadsheet to which Plaintiff is referring; Allied Interstate does not have a spreadsheet in its possession, custody or control that meets the description provided by Plaintiff; and Allied Interstate is not obligated to create any document to respond to Plaintiff's request.

**REQUEST FOR PRODUCTION NO. 2:** Any and all DOCUMENTS RELATING TO documents, records, data, recordings and other materials relating to Felix Nieto, Plaintiff or phone number(s) ending in 2049 and 0799.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is overbroad, unduly burdensome, vexatious, harassing, not reasonably tailored to elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Allied Interstate objects to this Request to the extent it seeks confidential, personal, proprietary or otherwise restricted information, including information pertaining to third parties not involved with the present litigation. Allied Interstate further objects to this Request on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by the references to numbers "ending in 2049 and 0799," as the scope of that inquiry could include hundreds of thousands of separate numbers. Allied Interstate objects to this Request to the extent it is, in effect, at least four separate document requests, and for that reason is overbroad, unduly burdensome, vexatious, and harassing under the Federal and Local Rules.

Subject to and without waiving any specific or General Objection, Allied Interstate states that it will make non-privileged responsive documents in Defendant's possession, custody or control, to the extent they exist, available for Plaintiff's inspection at the law offices of Reed Smith LLP located at 1301 K Street NW, Washington, DC. Plaintiff may arrange a time for inspection by contacting undersigned counsel.

**REQUEST FOR PRODUCTION NO. 3:** Any and all DOCUMENTS RELATING to the support or refute of any affirmative defense in this case.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Allied Interstate further objects to this Request to the extent it calls for a legal conclusion as to what supports or refutes a particular legal position.

Subject to and without waiving any specific or General Objection, Allied Interstate states that the Request calls for the compilation of material or production of compiled material protected from disclosure by the attorney work product doctrine and calls for a legal conclusion as to what supports or refutes the Defendant's affirmative defenses. Responding further, Allied Interstate refers plaintiff to Defendant's response to Request No. 2.

**REQUEST FOR PRODUCTION NO. 4:** Any and all DOCUMENTS RELATING TO prior express consent to make calls to Plaintiff using an automatic telephone dialing system ("ATDS") or pre-recorded or artificial voice.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request to the extent it seeks information already within the Plaintiff's custody or control or available to the Plaintiff through less burdensome means. Allied Interstate objects to this Request to the extent it seeks information outside of Allied Interstate's custody, control or possession. Allied Interstate objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Allied Interstate objects to this Request to the extent it seeks confidential, personal, proprietary or otherwise restricted information, including information

pertaining to third parties not involved with the present litigation. Allied Interstate objects to this Request on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by the phrases "express consent," "automatic telephone dialing system," "pre-recorded . . . voice," and "artificial voice," nor does it identify the time period referenced by the term "prior." Allied Interstate objects to this Request on the grounds that it is vague, ambiguous and incomprehensible to the extent Plaintiff requests information concerning "calls to Plaintiff" but at no time has Plaintiff identified what calls he is referring to or any telephone number at issue in this Action. Allied Interstate objects to this Request to the extent it calls for a legal conclusion as to what constitutes "consent" under the Telephone Consumer Protection Act.

Subject to and without waiving any specific or General Objection, Allied Interstate states that since neither the Request nor the Complaint specify the telephone number at issue, the resulting incomprehensibility of Request No. 4 prevents Allied Interstate from being able to identify any documents that Plaintiff may have intended to seek through Request No. 4.

**REQUEST FOR PRODUCTION NO. 5:** Any and all DOCUMENTS RELATING TO the description of any data sets, data fields, codes and abbreviations in any materials produced by you including but not limited to account history materials and call records.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Allied Interstate objects to this request to the extent it purports to require the review of other documents, the identification of, inter alia, codes and

- 10 -

abbreviations, and the synthesis of such information into an indeterminable number of new, additional and untimely document requests. Allied Interstate objects to this Request to the extent it is, in effect, at least four and potentially hundreds or thousands of separate document requests, and for that reason is overbroad, unduly burdensome, under the Federal and Local Rules. Allied Interstate objects to this Request to the extent it seeks information already within the Plaintiff's custody or control or available to the Plaintiff through less burdensome means, in particular because Plaintiff's instructions require "YOU" and "YOUR" to "refer to the Plaintiff in the above-captioned matter, Felix Nieto, as well as his agents, attorneys, representatives, and any other person acting at his direction or on his behalf," and thus Request No. 5 seeks documents related to materials produced by the Plaintiff. Allied Interstate objects to this Request to the extent it seeks confidential, personal, proprietary or otherwise restricted information.

Subject to and without waiving any specific or General Objection, Allied Interstate states that this request is infinitely overbroad and unintelligible because Plaintiff has failed to identify – and Allied Interstate is not aware of – any particular code or abbreviation at issue in this litigation, much less one that does not have a readily identifiable meaning, and thus there is no way for Allied Interstate to construe the request in any narrower manner nor provide any partial response.

**REQUEST FOR PRODUCTION NO. 6**: Any and all DOCUMENTS RELATING TO Defendant Bates records.

**OBJECTIONS AND RESPONSE**:

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is incomprehensible and unintelligible to the extent it asks about "Defendant Bates records" which is a phrase with no common meaning and no specialized meaning in the

context of this case. Allied Interstate also objects to this Request to the extent it requests all documents relating to other unidentified documents and thus is, in effect, an infinite number of separate document requests.

Subject to and without waiving any specific or General Objection, Allied Interstate states that the incomprehensibility of Request No. 6 prevents the identification of any documents that Plaintiff may have intended to seek through Request No. 6.

**REQUEST FOR PRODUCTION NO. 7:**   Any and all DOCUMENTS RELATING TO Manual(s), Service record(S), Manufacturer(s) name for any automatic telephone dialing system ("ATDS") or pre-recorded or artificial voice.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is overbroad, unduly burdensome, vexatious, harassing, not reasonably tailored to elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence, including by failing to identify whose equipment or systems Request No. 7 is asking about and failing to limit the request to information potentially relevant to the alleged telephone calls in this case. Allied Interstate objects to this Request to the extent it seeks information outside of Allied Interstate's custody, control or possession. Allied Interstate objects to this Request to the extent it seeks confidential, personal, proprietary or otherwise restricted information, including information pertaining to third parties not involved with the present litigation. Allied Interstate further objects to this Request to the extent it is, in effect, at least three separate document requests.

Subject to and without waiving any specific or General Objection, Allied Interstate states that it is unable to identify any documents responsive to Plaintiffs' Request No. 7.

- 12 -

**REQUEST FOR PRODUCTION NO. 8:** Any and all DOCUMENTS in possession of the Defendant regarding Plaintiff.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is overbroad, unduly burdensome, vexatious, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Allied Interstate objects to this Request to the extent it seeks information already within the Plaintiff's custody or control or available to the Plaintiff through less burdensome means. Allied Interstate objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Allied Interstate further objects to this Request on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by the phrase "regarding Plaintiff" (which pursuant to *expressio unius est exclusio alterius* and other cannons should be presumed to bear a different meaning than "relating to" which is defined as a synonym of numerous other terms including "mentioning, describing, discussing, containing, indicating, showing, concerning, pertaining to, being connected with, referring to, resulting from, reflecting upon, or having any other relationship with the stated subject matter"). Plaintiff also has failed to identify any telephone or account numbers that he alleges were associated with him that could form the basis for a search or inquiry into such documents.

Subject to and without waiving any specific or General Objection, Allied Interstate states that it is in possession of a letter from Matthew Johnson of Allied Interstate to "Felix Nieto" dated November 27, 2013, which was mailed on or about that date and thus is presumed to already be in the possession of Mr. Nieto. Nonetheless, Allied Interstate states that it will make

this letter available for Plaintiff's inspection at the law offices of Reed Smith LLP located at

1301 K Street NW, Washington, DC. Plaintiff may arrange a time for inspection by contacting

undersigned counsel. At this time, Allied Interstate has not identified any other non-privileged

documents in its possession, custody or control that reference Plaintiff by the name he has used

in this litigation, "Felix Nieto."

**REQUEST FOR PRODUCTION NO. 9:** Any and all DOCUMENTS RELATING TO

copies of all Better Business Bureau (BBB) complaints received by you during the last four years

which included allegations that one of your employees or agents engaged in improper debt

collection practices (as well as any responses that you made to such complaints).

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request on the

grounds that it is overbroad, unduly burdensome, vexatious, harassing, not reasonably tailored to

elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery

of admissible evidence. Allied Interstate objects to this Request to the extent it seeks

information already within the Plaintiff's custody or control or available to the Plaintiff through

less burdensome means, in particular because Plaintiff's instructions require "YOU" and

"YOUR" to "refer to the Plaintiff in the above-captioned matter, Felix Nieto, as well as his

agents, attorneys, representatives, and any other person acting at his direction or on his behalf,"

and thus Request No. 9 seeks documents related to materials received by the Plaintiff and related

to allegations concerning Plaintiff's employees or agents. Allied Interstate objects to this

Request to the extent it seeks information outside of Allied Interstate's custody, control or

possession. Allied Interstate objects to this Request to the extent it seeks information protected

by the attorney-client privilege and/or the work product doctrine. Allied Interstate further

- 14 -

objects to this Request on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by the terms and phrases "Better Business Bureau (BBB) complaints," "debt collection practices," and "improper debt collection practices," and to the extent it calls for hearsay or calls for a legal conclusion as to who constitutes "employees or agents" (including "employees or agents" of Plaintiff, as technically sought by the Request) and what constitutes "debt collection practices" and "improper debt collection practices."

Subject to and without waiving any specific or General Objection, Allied Interstate states that it is not aware of any documents in its possession, custody or control that are responsive to Request No. 9.

**REQUEST FOR PRODUCTION NO. 10:** Any and all DOCUMENTS RELATING TO all form letters and telephone collection scripts Defendant used to attempt to collect the account.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is overbroad, and hopelessly vague and ambiguous, including among other reasons because the Request fails to identify what "account" the Request is asking about and because any "form letters" and "telephone collection scripts" that Allied Interstate might have are irrelevant to the issues in this Action. Allied Interstate objects to this Request to the extent it calls for a legal conclusion as to what constitutes an attempt to collect. Allied Interstate objects to this Request to the extent it is, in effect, at least two separate document requests.

Subject to and without waiving any specific or General Objection, Allied Interstate states that the failure of the Request or Complaint to identify what "account" the Request is asking

about, prevents the identification of any documents that Plaintiff may have intended to seek through Request No. 10.

**REQUEST FOR PRODUCTION NO. 11:** any and all DOCUMENTS RELATING TO copies of all debt collection policies, procedures, and techniques which you gave to persons who attempted to collect the alleged debt/account.

### OBJECTIONS AND RESPONSE:

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is overbroad, unduly burdensome, not reasonably tailored to elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Allied Interstate objects to this Request to the extent it seeks information already within the Plaintiff's custody or control or available to the Plaintiff through less burdensome means, in particular because Plaintiff's instructions require "YOU" and "YOUR" to "refer to the Plaintiff in the above-captioned matter, Felix Nieto, as well as his agents, attorneys, representatives, and any other person acting at his direction or on his behalf," and thus Request No. 11 seeks documents related to materials Plaintiff gave to third parties. Allied Interstate objects to this Request to the extent it seeks information outside of Allied Interstate's custody, control or possession. Allied Interstate objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Allied Interstate objects to this Request to the extent it seeks confidential, personal, proprietary or otherwise restricted information, including information pertaining to third parties not involved with the present litigation. Allied Interstate objects to this Request to the extent it is, in effect, at least three separate document requests.

- 16 -

Subject to and without waiving any specific or General Objection, Allied Interstate states that the failure of the Request or Complaint to identify what "debt/account" the Request is asking about, prevents the identification of any documents that Plaintiff may have intended to seek through Request No. 11.

**REQUEST FOR PRODUCTION NO. 12:** Any and all DOCUMENTS RELATING TO the user and programming manuals for collection software you used to collect on alleged account.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,. Allied Interstate objects to this Request t because Plaintiff's instructions require "YOU" and "YOUR" to "refer to the Plaintiff in the above-captioned matter, Felix Nieto, as well as his agents, attorneys, representatives, and any other person acting at his direction or on his behalf," and thus Request No. 12 seeks documents related to manuals that Plaintiff himself used. Allied Interstate objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Allied Interstate further objects to this Request on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by the terms and phrases "user . . . manuals," "programming manuals," "collection software," and "used to collect," nor does it identify what "alleged account" the Request is asking about nor any telephone number that might have been involved. Allied Interstate objects to this Request to the extent it is, in effect, at least two separate document requests.

- 17 -

Subject to and without waiving any specific or General Objection, Allied Interstate states that it is unable to identify any documents in response to Request No. 12 as phrased.

**REQUEST FOR PRODUCTION NO. 13:** Any and all DOCUMENTS RELATING TO all documents that indicate or suggest that the Plaintiff does not owe any monies for any alleged debt/account to the Defendant.

### OBJECTIONS AND RESPONSE:

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by the phrase "any alleged debt/account," it is overbroad, vexatious, and not reasonably calculated to lead to the discovery of admissible evidence. Allied Interstate objects to this Request to the extent it seeks information already within the Plaintiff's custody or control or available to the Plaintiff through less burdensome means. Allied Interstate objects to this Request to the extent it seeks information outside of Allied Interstate's custody, control or possession. Allied Interstate objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Allied Interstate objects to this Request to the extent it seeks confidential, personal, proprietary or otherwise restricted information, including information pertaining to third parties not involved with the present litigation.

Subject to and without waiving any specific or General Objection, Allied Interstate states that it is not aware of any documents in its possession, custody or control that indicate or suggest that Plaintiff is not liable to Defendant for any monies or debts.

**REQUEST FOR PRODUCTION NO. 14:** Any and all DOCUMENTS RELATING TO any documents evidencing the transmission or request of any information to or from any credit bureau and /or credit reporting agency regarding Plaintiff and the alleged account.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by the terms and phrases "evidencing," "transmission," "credit bureau" and "credit reporting agency," nor does it identify what "alleged account" the Request is asking about nor any telephone number that might have been involved. Further, the request is overbroad, unduly burdensome, vexatious, harassing, not reasonably tailored to elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence, including because the Request fails to identify what "alleged account" the Request is asking about. Plaintiff has alleged receiving phone calls, but not that his credit has ever been adversely effected so this request is clearly irrelevant. Allied Interstate objects to this Request to the extent it seeks information already within the Plaintiff's custody or control or available to the Plaintiff through less burdensome means. Allied Interstate objects to this Request to the extent it seeks information outside of Allied Interstate's custody, control or possession.

Subject to and without waiving any specific or General Objection, Allied Interstate states that it is not aware of any non-privileged documents in its possession, custody or control that reflect communications between Allied Interstate and any credit bureau with respect to Felix Nieto.

**REQUEST FOR PRODUCTION NO. 15:**  Any and all DOCUMENTS RELATING TO Defendant debt collection training records of all natural persons who attempted to collect the alleged debt.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by the terms and phrases "debt collection training records" and "attempt to collect," nor does it identify what "alleged debt" the Request is asking about nor any telephone number that might have been involved.  Further the request is overbroad, unduly burdensome, not reasonably tailored to elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence, including Allied Interstate objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine.  Allied Interstate objects to this Request to the extent it seeks confidential, personal, proprietary or otherwise restricted information, including information pertaining to third parties not involved with the present litigation.  Allied Interstate objects to this Request to the extent it calls for a legal conclusion as to what constitutes "debt collection training records" and what constitutes an attempt to collect.

Subject to and without waiving any specific or General Objection, Allied Interstate states that the incomprehensibility of Request No. 15, including the failure of the Request or Complaint to identify what "alleged debt" the Request is asking about, prevents the identification of any documents that Plaintiff may have intended to seek through Request No. 15.

- 20 -

**REQUEST FOR PRODUCTION NO. 16:** Any and all DOCUMENTS RELATING TO the transmissions of all recordings (including audio and video), And any typed or written transcripts thereof, that evidence your attempts to collect the alleged debt/account.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by the terms and phrases "transmission" and "attempts to collect," nor does it identify what "alleged debt/account" the Request is asking about nor any telephone number that might have been involved . In addition the request s overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Allied Interstate objects to this Request to the extent Plaintiff alleges he participated in related communications and thus the Request seeks information already within the Plaintiff's custody or control or available to the Plaintiff through less burdensome means, in particular because Plaintiff's instructions require "YOU" and "YOUR" to "refer to the Plaintiff in the above-captioned matter, Felix Nieto, as well as his agents, attorneys, representatives, and any other person acting at his direction or on his behalf," and thus Request No. 16 seeks documents related to Plaintiff's attempts to collect an unidentified debt. Allied Interstate objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Allied Interstate objects to this Request to the extent it seeks confidential, personal, proprietary or otherwise restricted information. Allied Interstate objects to this Request to the extent it is, in effect, at least two separate document requests, and thereby exceeds the number of document requests permitted by Local Rule 104.1 and for that reason is overbroad, unduly burdensome, vexatious, and harassing under the Federal and Local Rules.

Subject to and without waiving any specific or General Objection, Allied Interstate states that it cannot identify any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:** Any and all DOCUMENTS RELATING TO copies of emails you sent or received from the Plaintiff during this lawsuit.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it seeks information already within the Plaintiff's custody or control or available to the Plaintiff through less burdensome means, in particular because Plaintiff was the alleged sender or recipient of the purported emails and because Plaintiff's instructions require "YOU" and "YOUR" to "refer to the Plaintiff in the above-captioned matter, Felix Nieto, as well as his agents, attorneys, representatives, and any other person acting at his direction or on his behalf," and thus Request No. 17 seeks documents related to Plaintiff's emails with himself. Allied Interstate objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving any specific or General Objection, Allied Interstate states that Plaintiff should already be in possession of all non-privileged documents relating to emails sent to or received from Plaintiff during the courts of the lawsuit, and that such communications between parties or counsel during the course of the litigation are not the proper subject of discovery in this litigation. Accordingly, no documents will be produced in response to Request No. 17.

**REQUEST FOR PRODUCTION NO. 18:** Any and all DOCUMENTS RELATING TO your records (typewritten, handwritten and computer-generated) Of you attempts to collect the alleged debt/account.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or otherwise describe precisely what is contemplated by the phrase "attempts to collect," nor does it identify what "alleged debt/account" the Request is asking about nor any telephone number that might have been involved. Defendant further objects the request is overbroad, unduly burdensome, and, not reasonably tailored to elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. Allied Interstate objects to this Request to the extent it seeks information already within the Plaintiff's custody or control or available to the Plaintiff through less burdensome means, in particular because Plaintiff's instructions require "YOU" and "YOUR" to "refer to the Plaintiff in the above-captioned matter, Felix Nieto, as well as his agents, attorneys, representatives, and any other person acting at his direction or on his behalf," and thus Request No. 18 seeks documents related to Plaintiff's own activities. Allied Interstate objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Allied Interstate objects to this Request to the extent it seeks confidential, personal, proprietary or otherwise restricted information, including information pertaining to third parties not involved with the present litigation. Allied Interstate objects to this Request to the extent it calls for a legal conclusion as to what constitutes an "attempt[] to collect."

Subject to and without waiving any specific or General Objection, Allied Interstate states that the incomprehensibility of Request No. 18, including the failure of the Request or Complaint to identify what "alleged debt/account" the Request is asking about, prevents the identification of any documents that Plaintiff may have intended to seek through Request No. 18.

**REQUEST FOR PRODUCTION NO. 19:** Any and all DOCUMENTS RELATING TO (transcripts, handwritten and computer-generated) of any requests to obtain plaintiff credit report (including the dates requested).

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is overbroad, unduly burdensome, vexatious, harassing, not reasonably tailored to elicit information relevant to this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence, in particular because any requests by Allied Interstate to obtain Plaintiff's credit report is not relevant to any issue in this Action. Allied Interstate objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving any specific or General Objection, Allied Interstate states that it is not aware of any non-privileged documents in its possession, custody or control relating to transcripts of any requests by Allied Interstate to obtain a credit report for Felix Nieto.

**REQUEST FOR PRODUCTION NO. 20:** Any and all DOCUMENTS RELATING TO documents reviewed or referred to in connection with or for the purpose of preparing YOUR responses to Felix Nieto, Plaintiff First Set of Interrogatories to Plaintiff.

**OBJECTIONS AND RESPONSE**:

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is overbroad, unduly burdensome, vexatious, harassing, and not reasonably calculated to lead to the discovery of admissible evidence, including because it requests privileged documents and documents relating to other unidentified documents and thus is potentially infinite in scope. Allied Interstate objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Allied Interstate objects to this Request to the extent it seeks confidential, personal, proprietary or otherwise restricted information, including information pertaining to third parties not involved with the present litigation.

Subject to and without waiving any specific or General Objection, Allied Interstate states that it will make non-privileged documents that are in Defendant's possession, custody or control and that were reviewed or referred to by Defendant in preparing its responses to Plaintiff's First Set of Interrogatories, to the extent they exist, available for Plaintiff's inspection at the law offices of Reed Smith LLP located at 1301 K Street NW, Washington, DC. Plaintiff may arrange a time for inspection by contacting undersigned counsel.


**REQUEST FOR PRODUCTION NO. 21:** Any and all DOCUMENTS RELATING TO verification of any business relationship that Defendant has with the Plaintiff (including contractual or otherwise).

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request on the grounds that it is vague and ambiguous, particularly to the extent it fails to define, delimit, or

otherwise describe precisely what is contemplated by the terms and phrases "verification" and "business relationship," and to the extent it calls for a legal conclusion as to what constitutes "verification" or a "business relationship." Allied Interstate objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiving any specific or General Objection, Allied Interstate states that it has not identified any non-privileged documents in its possession, custody or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22:** Any and all DOCUMENTS that you will use or attempt to use as exhibits at trial in this matter.

**OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Allied Interstate objects to this Request to the extent it seeks information. Allied Interstate protected by the attorney-client privilege and/or the work product doctrine. Allied Interstate further objects to this Request on the grounds that it is premature under the Federal Rules, Local Rules and the Orders of the Court.

Subject to and without waiving any specific or General Objection, Allied Interstate states that Request No. 22 is premature. Allied Interstate will make available for inspection the documents that it intends to use at trial, to the extent not already in the Plaintiff's possession, custody or control, at the time directed for such production by the Federal Rules, Local Rules and Orders of the Court.

Defendant reserves the right to modify, update, amend, or supplement any response contained herein at any time.

/s/ Stephen T. Fowler
Stephen T. Fowler (D. Md. Bar No. 16881)
REED SMITH LLP
3110 Fairview Park Dr., Suite 1400
Falls Church, VA 22042
Phone: 703.641.4262
Facsimile: 703.641.4340
sfowler@reedsmith.com

Michael B. Roberts (D. Md. Bar No. 17785)
REED SMITH LLP
1301 K Street NW
Suite 1100 – East Tower
Washington, DC 20005
Phone: 202.414.9288
Facsimile: 202.414.9299
mroberts@reedsmith.com

*Counsel for Defendant Allied Interstate LLC*

Dated:  April 14, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2014, I caused a true and correct copy of

the foregoing *Allied Interstate's Objections and Responses to Plaintiff's First Set of Requests for*

*Production of Documents* to be served on the Plaintiff via United States first-class mail, postage

prepaid, on the Plaintiff at the following address:

    Felix Nieto
    P.O. Box 773
    Fulton, MD 20759

/s/ Stephen T. Fowler
Stephen T. Fowler (D. Md. Bar No. 16881)
REED SMITH LLP
3110 Fairview Park Dr., Suite 1400
Falls Church, VA 22042
Telephone: 703.641.4262
Facsimile: 703.641.4340
sfowler@reedsmith.com

*Counsel for Defendant Allied Interstate LLC*