IN THE MATTER OF:                    *       BEFORE THE MARYLAND
                                             STATE COLLECTION AGENCY
ALLIED INTERSTATE, INC.,             *       LICENSING BOARD IN THE
                                             OFFICE OF THE COMMISSIONER
        Respondent.                  *       OF FINANCIAL REGULATION

                                     *

                                             DFR-FY-2010-025
                                     *


*       *       *       *       *       *       *       *       *       *       *       *       *


## SETTLEMENT AGREEMENT AND CONSENT ORDER

This Settlement Agreement and Consent Order (the "Agreement") is entered into this
19th day of ___July___, 2010, by and between the Maryland State
Collection Agency Licensing Board in the Office of the Commissioner of Financial
Regulation (hereinafter the "Agency") and Allied Interstate, Inc. (the "Respondent"). The
Agency and the Respondent ("the Parties") consent to the entry of this Agreement as a final
resolution of this matter. All paragraphs below are intended to be part of the contractual
obligations of the Parties hereto, so far as they may be so construed, and are not mere recitals
to this Agreement.

    1.      Pursuant to the Maryland Collection Agency Licensing Act ("MCALA," at
Business Regulations Article ("BR"), § 7-101 *et seq*., Annotated Code of Maryland), the
Agency is responsible for licensing and regulating persons engaged in collection agency
activities in the State of Maryland (the "State").

    2.      At all times relevant to the facts set forth herein, Respondent Allied Interstate,
Inc. has been duly licensed under MCALA as a Maryland collection agency as that term is

defined in BR § 7-101(c), holding multiple collection agency licenses.

3.   Pursuant to BR § 7-308(a), the Agency can bring an action to suspend or revoke the license of a collection agency "if the licensee or any owner, director, officer, member, partner, or agent of the licensee" engages in various prohibited activities, including, among other things, the following:  "(3) in connection with the collection of any consumer claim: . . . (ii) engages in any illegal or dishonest activities;  or (4) knowingly or negligently violates the Maryland Consumer Debt Collection Act."

4.   Thus under MCALA, the Agency has authority to bring actions not only for violations of that Act, but also for violations of other federal and State laws pertaining to the collection of consumer claims, including for violations of the Maryland Consumer Debt Collection Act ("MCDCA," at Commercial Law Article ("CL"), § 14-201 *et seq.*, Annotated Code of Maryland).  Violation of the MCDCA subjects a licensee to potential action under both BR § 7-308(a)(3)(ii) (for engaging in illegal activities) and BR § 7-308(a)(4) (for knowingly or negligently violating the Maryland Consumer Debt Collection Act).

5.   Pursuant to CL § 14-202, "[i]n collecting or attempting to collect an alleged debt," a collection agency ("collector") may not:

> (1)  Use or threaten force or violence;
>
> (2)  Threaten criminal prosecution, unless the transaction involved the violation of a criminal statute;
>
> (3)  Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false;
>
> (4)  Except as permitted by statute, contact a person's employer with respect to a delinquent indebtedness before obtaining final judgment against the debtor;
>
> (5)  Except as permitted by statute, disclose or threaten to

2

disclose to a person other than the debtor or his spouse or, if the debtor is a minor, his parent, information which affects the debtor's reputation, whether or not for credit worthiness, with knowledge that the other person does not have a legitimate business need for the information;

(6) Communicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor;

(7) Use obscene or grossly abusive language in communicating with the debtor or a person related to him;

(8) Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist; or

(9) Use a communication which simulates legal or judicial process or gives the appearance of being authorized, issued, or approved by a government, governmental agency, or lawyer when it is not.

6.    Pursuant to BR § 7-205(a)(3), the Agency may also issue an order requiring a licensee "to cease and desist from the violation and any further similar violations," as well as to "take affirmative action to correct the violation."

7.    Further, pursuant to FI § 2-115(b), the Commissioner may, in addition to taking any other actions authorized by law, and subject to a hearing or waiver of hearing, take the following actions against a person for violations of laws, regulations, rules, or orders over which the Commissioner has jurisdiction, including for violations of MCALA, as well as for violations of the MCDCA and FDCPA as violations of MCALA:  (1) issue a final order to cease and desist; (2) suspend or revoke a license; (3) issue a penalty order imposing a civil penalty up to $1,000 for a first violation and up to $5,000 for each subsequent violation; or (4) take any combination of the aforementioned actions.

8.    On February 25, 2010, after finding reasonable grounds to believe that Respondent likely violated various provisions of the MCDCA while collecting or attempting

3

to collect alleged consumer debts (collectively the "Alleged Violations"), and upon determining that action under BR §§ 7-205, 7-308, 7-309, FI § 2-115(b), and the Administrative Procedure Act – Contested Cases ("Administrative Procedure Act," at State Government Article ("SG"), § 10-201, *et seq.*, Annotated Code of Maryland), was appropriate, the Agency issued a Charge Letter against the Respondent (the "Charges").

9.       The Respondent does not admit to the Alleged Violations set forth herein but, nonetheless, wishes to resolve the Alleged Violations without the need for an administrative hearing, thereby avoiding the costs associated with such hearing and any potential appeals, and therefore agrees to resolve this matter fully, finally, and completely without an administrative hearing as set forth in this Agreement, and further accepts without condition, and fully agrees to abide by, each and every term set forth in this Agreement.

10.       The Agency desires to ensure that Respondent will comply with all applicable statutes, regulations, and others laws governing collection agency activities in the State of Maryland, including complying with MCALA, the MCDCA, and the FDCPA, and further wishes to avoid the costs to the taxpayers of an administrative hearing and any potential appeals.

11.       Respondent has agreed to take each and every one of the following actions in exchange for a final resolution of this matter:

a.       Respondent will pay a voluntary penalty of TWENTY THOUSAND DOLLARS ($20,000) by check made payable to the "Commissioner of Financial Regulation" within thirty (30) days of this Agreement being fully executed and delivered.

b.      Respondent will provide the Agency with an acceleration contact for resolution of Maryland consumer complaints filed with the Agency against Respondent, to include a non-public phone number and e-mail address for this contact.

c.      Respondent has implemented, or will implement, a program to address agent behavior problems, to include, among other things, a "red card" program, call monitoring of agents, and agent bonuses for compliance with applicable laws and regulations.

d.      Respondent will complete implementation of a new compliance-focused collections software system, which was developed by a consulting firm specifically for Respondent's in-house use, on or about December 31, 2010.

12.     Respondent acknowledges that it has voluntarily entered into this Agreement with full knowledge of its right to a hearing, pursuant to the Administrative Procedure Act and BR § 7-309, arising from the Charges brought by the Agency based on the Alleged Violations, and that Respondent hereby waives its right to a hearing. Respondent further acknowledges that it has had an opportunity to consult with independent legal counsel in connection with its waiver of rights and with the negotiation and execution of this Agreement, and that it has in fact consulted with independent legal counsel.

13.     Respondent represents that it is currently in compliance with all applicable statutes, regulations, and others laws governing collection activities in the State of Maryland, including but not limited to MCALA, the MCDCA, and the FDCPA, and that Respondent will continue to act in compliance at all future times.

5

14.    The Parties hereto agree that this Agreement shall be binding and enforceable in court by the Agency and by Respondent, shall be admissible in proceedings between those Parties, and shall be binding upon and inure to any of Respondent's present and future owners, directors, members, officers, partners, agents, successors, and assigns.

15.    The Parties hereto acknowledge that this Agreement does not in any way relate to, impact, or otherwise effect the legal rights of, or preclude the Agency from bringing actions against, persons not Parties to this Agreement.  The Parties further acknowledge that this Agreement is not intended to and does not grant or create any rights in any third party, and that this Agreement has no third party beneficiaries.

16.    The Parties hereto agree that any notices hereunder shall be effectively "delivered" when sent via overnight delivery or certified mail as follows:

a.    To the Commissioner:

Commissioner of Financial Regulation
500 North Calvert Street, Suite 402
Baltimore, Maryland 21202-3651
Attention: Mark Kaufman, Deputy Commissioner

Copy to:
W. Thomas Lawrie, Assistant Attorney General
Department of Labor, Licensing, and Regulation
500 North Calvert Street, Suite 406
Baltimore, Maryland 21202-3651

b.    To the Respondent:

Gregory E. Harmer, Esquire
General Counsel and Vice President
Allied Interstate, Inc.
335 Madison Avenue, 27th Floor
New York, New York 10017

6

NOW, THEREFORE, it is, by the Commissioner of Financial Regulation on behalf of the Agency, HEREBY

**ORDERED** that Respondent shall adhere to all terms of this Settlement Agreement and Consent Order; it is further

**ORDERED** that the Charge Letter issued against Respondent on February 25, 2010 is rescinded; and it is further

**ORDERED** that Respondent shall operate its collection agency business activities in compliance with all applicable Federal and State laws, including but not limited to the FDCPA, MCDCA, and MCALA; and it is further

**ORDERED** that, in the event Respondent, or any of the owners, officers, members, employees, or agents of Respondent, violate any provision of this Settlement Agreement and Consent Order, or otherwise engage in the activities which formed the basis for the Alleged Violations set forth above, the Agency may, at the Agency's discretion, take any enforcement actions available under FI § 2-115 and/or MCALA, as well as take any other enforcement actions as permitted by, and in accordance with, applicable State law; and that such enforcement actions could include an order to cease and desist, suspension or revocation of a collection agency license or licenses, civil money penalties of up to $5,000 for each violation, an order to provide restitution to aggrieved persons or to take other corrective actions, or referral for possible criminal prosecution; and it is further

**ORDERED** that this matter shall be resolved in accordance with the terms of this Settlement Agreement and Consent Order and the same shall be reflected among the records

of the Office of the Commissioner of Financial Regulation; and it is further

**ORDERED** that this document shall constitute a Final Order of the Maryland State Collection Agency Licensing Board in the Office of the Commissioner of Financial Regulation, and that the Agency may consider this Settlement Agreement and Consent Order and the facts set forth herein in connection with, and in deciding, any action or proceeding before the Agency; and that this Settlement Agreement and Consent Order may, if relevant, be admitted into evidence in any matter before the Agency.

It is so ORDERED.

IN WITNESS WHEREOF, this Settlement Agreement and Consent Order is executed on the day and year first above written.

MARYLAND STATE COLLECTION
AGENCY LICENSING BOARD IN THE
OFFICE OF THE COMMISSIONER OF
FINANCIAL REGULATION

ALLIED INTERSTATE, INC.

By:   Sarah Bloom Raskin
     Commissioner of Financial Regulation
     Chairperson, State Collection Agency
     Licensing Board

By:   Gregory E. Harriher
     General Counsel and Vice President
     Allied Interstate, Inc.