## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 10-cv-04295-PJS -AJB |
| | ) |
| ALLIED INTERSTATE, INC., a corporation, | ) |
| | ) |
| | ) |
| Defendant. | ) |

### CONSENT DECREE

**WHEREAS,** Plaintiff, the United States of America, has commenced this action by filing the Complaint herein; Defendant Allied Interstate, Inc. ("Allied") has waived service of the Summons and Complaint; the parties have been represented by the attorneys whose names appear hereafter; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the Complaint to the date of entry of this Consent Decree and without Allied admitting any of the matters alleged in the Complaint other than jurisdictional facts;

**THEREFORE,** on the joint motion of Plaintiff and Allied, it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

### FINDINGS

1. This Court has jurisdiction of the subject matter and of the parties.

2. The Complaint states a claim upon which relief may be granted against Allied under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

     3.     Venue in this district is proper under 28 U.S.C. § 1391(b)-(c) and 1395(a) and

15 U.S.C. § 53(b).

     4.     The activities of Allied are in or affecting commerce, as "commerce" is defined in

Section 4 of the FTC Act, 15 U.S.C. § 44.

     5.     For purposes of this Consent Decree ("Decree"), the definitions set forth in the

FDCPA shall apply.

     6.     Allied has entered into this Decree freely and without coercion. Allied further

acknowledges that it has read the provisions of this Decree and is prepared to abide by them.

     7.     Plaintiff and Allied, by and through their counsel, have agreed that the entry of this

Decree resolves all matters of dispute between them arising from the Complaint in this action, up

to the date of entry of this Decree.

     8.     Allied has not admitted any of the allegations of wrongdoing set forth in the

Complaint, and entry of this Decree is not an admission of any such allegations of wrongdoing or

violation of law. Nonetheless, Allied stipulates and agrees to entry of this Decree in order to

settle and resolve these disputes.

     9.     All parties waive all rights to seek appellate review or otherwise challenge or

contest the validity of this Decree. Allied further waives and releases any claim it may have

against the Federal Trade Commission, its employees, representatives, or agents.

     10.     Allied agrees that this Decree does not entitle it to seek or obtain attorneys' fees as

a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by

Pub. L. 104-121, 100 Stat. 847, 863-64 (1996), and further waives any right to attorneys' fees that may arise under said provision of law.

    11.    Entry of this Decree is in the public interest.

## DEFINITIONS

For purposes of this Decree, the following definitions shall apply:

    1.    "Commission" or "FTC" means the Federal Trade Commission.

    2.    "Allied" means Allied Interstate, Inc. and its successors and assigns.

## I.    CIVIL PENALTY

**IT IS ORDERED** that:

    A.    Allied shall pay to the Plaintiff a civil penalty, pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), in the amount of one million seven hundred fifty thousand dollars ($1,750,000).

    B.    Allied shall make the payment required by this Section on or before the tenth day following entry of this Decree.  Such payment shall be made by electronic fund transfer in accordance with procedures specified by the Office of Consumer Litigation, Civil Division, United States Department of Justice, Washington, D.C. 20530.

    C.    In the event of any default in payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid amount, together with interest, as computed pursuant to 28 U.S.C. § 1961 from the date of default to the date of payment, shall immediately become due and payable.

    D.    Allied relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Allied shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

E.      Allied agrees that, in any subsequent civil litigation filed by or on behalf of the Commission to enforce its rights to any payment or money judgment pursuant to this Order, the facts as alleged in the Complaint filed in this action shall be taken as true, without further proof.

## II.     INJUNCTION AGAINST VIOLATIONS OF THE FTC ACT

**IT IS FURTHER ORDERED** that Allied and its officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, in connection with collecting or attempting to collect debts, are hereby permanently restrained and enjoined from taking the following actions:

A.      Making any material misrepresentation expressly or by implication, to collect or to attempt to collect a debt or obtain information concerning a consumer; and

B.      Making any material representation, expressly or by implication, that a consumer owes a debt or as to the amount of a debt, unless, at the time of making the representation, Allied has a reasonable basis for making such representation. *Provided that*, in those instances in which Allied (a) is required by Section III.A of this Decree to conduct an investigation, (b) has done so, and (c) has reasonably concluded that the information on which Allied relies to collect or attempt to collect the debt is accurate and complete, the conclusions of the investigation shall constitute a reasonable basis.

*Provided further that* in making representations concerning a debt, Allied can reasonably rely on information from its clients in the absence of a reasonable indication, either from the information itself or from other information received from the consumer, that such information is unreliable or does not substantiate the claim. A "reasonable indication" shall take into account the reliability

and source of the information, but shall not require any of the Part III investigational procedures

outlined below, other than taking into account the reliability and source of the information.

**III.    DUTY TO CONDUCT A REASONABLE INVESTIGATION**

**IT IS FURTHER ORDERED** that:

A.    After the effective date of this Decree, in each and every instance in which:

1.    a consumer, at any time, questions, disputes, or challenges the accuracy or

completeness of the information on which Allied is relying to make any

representation that the consumer owes a debt or as to the amount of a debt;

or

2.    a person acting reasonably would consider the information on which Allied

is relying to make any representation regarding either the existence or the

amount of a debt to be implausible, facially unreliable, or missing essential

information;

Allied shall either close the account and permanently terminate collection efforts in respect to that

instance in which the client placed that debt with Allied or conduct a reasonable investigation into

the accuracy or completeness of such information.  If such disputes are raised during a telephone

call with the consumer, Allied may reasonably provide responsive information or pose reasonable

questions to the consumer, in a manner that complies with applicable law, in an effort to resolve

any such disputes raised by the consumer.  If the consumer continues to question, dispute, or

challenge the debt, Allied shall make no further attempt to collect the debt or report it to a

consumer reporting agency (CRA) until it has completed an investigation and has reasonably

concluded that the information is accurate and complete. ***Provided*** that, if as a result of its

decision to permanently terminate collection efforts or if following a reasonable investigation,

Allied does not substantiate that the consumer owes the debt, Allied shall not sell the debt or provide it to any other corporate entity other than the client from which it obtained the debt.

*Provided further* that nothing in Sections II and III shall require Allied to conduct an investigation into the accuracy or completeness of the information on which Allied is relying if Allied determines that the consumer's question, dispute, or challenge is frivolous or irrelevant or, to the extent no new material evidence or information has been provided, has already been the subject of a reasonable investigation. Notwithstanding any other provision in this Decree, the Decree shall not restrict or prohibit Allied from complying with any federal or state law requirements, so long as such state law requirements are not inconsistent with federal law.

*Provided further* that if a consumer initiates contact with Allied by any means, Allied may respond to the consumer prior to the completion of the investigation.

B.     For purposes of this Decree, a "reasonable investigation" shall mean an investigation in which Allied objectively evaluates and weighs the relevant information and circumstances, which may include, among other things:

1.     the reliability of the information on which Allied relies in collecting or attempting to collect the debt, including the credibility of the source of that information;

2.     information from Allied's clients, in the absence of a reasonable indication that such information is unreliable, taking into account its nature and source;

3.     the accuracy and completeness of any information Allied has obtained or may obtain from third-party sources, including data aggregators, brokers, or CRAs;

4.    the strength and credibility of any information provided by the consumer

questioning, disputing, or challenging the accuracy or completeness of such

information or otherwise obtained by Allied and the responsiveness of the

consumer to reasonable requests for information;

5.    with respect to information obtained from the consumer, the methods used

by Allied to collect the information, which shall be in compliance with

applicable laws; and

6.    any other reliable information that contradicts or calls into question the

accuracy or completeness of such information.

C.    Subsections A and B of this Section do not affect Allied's obligations to comply

with all applicable provisions of the FDCPA or Fair Credit Reporting Act ("FCRA").  A "dispute"

under this Section does not necessarily constitute a "dispute" for FDCPA or FCRA purposes.

D.    Compliance with this Section III is effective on the date of this Decree.

## IV.    INJUNCTION AGAINST VIOLATIONS OF THE FDCPA

**IT IS FURTHER ORDERED** that Allied and its officers, agents, servants, employees,

and all persons or entities in active concert or participation with any of them who receive actual

notice of this Decree by personal service or otherwise, whether acting directly or through any

entity, corporation, subsidiary, division, affiliate, or other device, in connection with collecting or

attempting to collect debts, are hereby permanently restrained and enjoined from taking the

following actions:

A.    Communicating more than once with persons other than the consumer for the

purpose of obtaining location information about the consumer without the person's consent or a

reasonable belief that the earlier response of the person was erroneous or incomplete and that the

Page 7 of  19

person now has correct or complete location information, in violation of Section 804(3) of the FDCPA, 15 U.S.C. § 1692b(3).

      B.     Except as provided in Section 804 of the FDCPA, communicating with any person other than the consumer, the attorney of the consumer, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, in connection with the collection of a debt, unless Allied has the prior consent of the consumer given directly to Allied or the express permission of a court of competent jurisdiction, or Allied can show that such communication is reasonably necessary to effectuate a post judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b);

      C.     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including, but not limited to, the following:

      1.     Using obscene or profane language, or language the natural consequence of which is to abuse the hearer, in violation of Section 806(2) of the FDCPA, 15 U.S.C. § 1692d(2); and

      2.     Causing a telephone to ring, or engaging a person in telephone conversation, repeatedly or continuously with the intent to annoy, abuse, or harass the person at the called number, in violation of Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5). Allied shall take reasonable steps to limit the discretion of individual debt collectors to make such calls.

      D.     Using any false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, representing or implying that (1) any action will be taken, unless at

the time of the representation, such action is lawful and Allied or the creditor intends to take such action; or (2) that any action may be taken when Allied cannot show that, at the time of the representation, there is a reasonable likelihood that such action will be taken, in violation of Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5).

E.     Engaging in any other act or practice that would violate the FDCPA, 15 U.S.C. §§ 1692-1692p.

## V.     NOTICE REQUIREMENTS

**IT IS FURTHER ORDERED** that:

A.     For a period of five (5) years from the date of entry of this Decree, Allied, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3), shall make the following disclosure clearly and conspicuously on each written collection communication that is sent to a consumer for the purpose of collecting a debt:

> Federal and state law prohibit certain methods of debt collection, and require that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.
>
> If you have a complaint about the way we are collecting this debt, please write to our CONTACT CENTER, [current physical address], email us at [current email address], or call us toll-free at [current phone number] between 9:00 A.M. Central Time and 5:00 P.M. Central Time Monday - Friday.

> The Federal Trade Commission enforces the Fair Debt Collection
> Practices Act (FDCPA). If you have a complaint about the way we
> are collecting your debt, please contact the FTC online at
> www.ftc.gov; by phone at 1-877- FTC-HELP; or by mail at 600
> Pennsylvania Ave., NW, Washington, DC 20580.

The above disclosure shall be given in the language(s) that appear in such communications sent to consumers.

      B.     Allied, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3), shall provide a written (electronic or paper) copy of the following notice to all officers, servants, agents, and employees having responsibility with respect to the collection of consumer debts, within thirty (30) days of the date of entry of this Decree, and to each employee hired for a period of five (5) years after that date, no later than the time the employee assumes responsibility with respect to the collection of such debts, and shall secure from each such person, within thirty (30) days of delivery, a signed and dated statement acknowledging that he or she has read the notice.

> Debt collectors must comply with the federal Fair Debt Collection
> Practices Act, which limits our activities in trying to collect money
> from consumers.
>
> Section 804 of the Act says that, when contacting someone to
> acquire location information about the consumer who allegedly
> owes a debt, you may not state that the consumer owes a debt. You
> also may not contact this person more than once unless the person
> asks you to or unless you reasonably believe the person's earlier
> response was wrong or incomplete and that the person now has
> correct or complete location information to provide to you.
>
> Section 805 of the Act says that, in connection with the collection of
> a debt, you may not communicate with any person other than the
> consumer for a purpose other than to obtain location information

about the consumer. This means that you may not reveal the existence of a debt to anyone other than (1) the consumer who allegedly owes the debt or (2) the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.

Section 806 of the Act states that you may not harass, oppress, or abuse any person in connection with the collection of a debt. Among other things, this includes calling someone repeatedly or continuously to annoy, abuse, or harass the person. It also includes using obscene or profane language, or language that is likely to abuse the person, when speaking with anyone.

Section 807 of the Act prohibits you from representing or implying that any action, including legal action, will be taken unless at the time of the representation, such action is lawful and there is a clear intent to take such action. Section 807 also prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information about a consumer.

**Individual debt collectors are liable for their violations of the Act, and may be required to pay penalties if they violate it.**

**Provided** that for purposes of compliance with Part V.B of this Decree, the signature required for

the employee's statement that he or she has read the notice may be in the form of an electronic

signature.

## VI.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating

compliance with any provision of this Decree:

A.      Within ten (10) days of receipt of written notice from a representative of the

Commission, Allied shall submit additional written reports, which are true and accurate and sworn

to under penalty of perjury; produce documents for inspection and copying; appear for deposition;

and provide entry during normal business hours to any business location in Allied's possession or

direct or indirect control to inspect the business operation;

B.      In addition, the Commission is authorized to use all other lawful means, including but not limited to:

> 1.      obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;
>
> 2.      having its representatives pose as consumers and potential clients to Allied, its employees, or any other entity managed or controlled in whole or in part by Allied, without the necessity of identification or prior notice; and

C.      Allied shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Decree.  The person interviewed may have counsel present.

***Provided, however,*** that nothing in this Decree shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VII.    COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Decree may be monitored:

A.      For a period of three (3) years from the date of entry of this Decree, Allied shall notify the Commission of any changes in its structure or the structure of any business entity that Allied directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Decree, including but not limited to:  incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of

a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Decree; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which Allied learns less than thirty (30) days prior to the date such action is to take place, Allied shall notify the Commission as soon as is practicable after obtaining such knowledge.

      B.     One hundred eighty (180) days after the date of entry of this Decree and annually thereafter for a period of three (3) years, Allied shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which it has complied and is complying with this Decree. This report shall include, but not be limited to:

           1.     A copy of each acknowledgment of receipt of this Decree, obtained pursuant to the Section titled "Distribution of Decree;" and

           2.     Any other changes required to be reported under Subsection A of this Section.

      C.     Allied shall notify the Commission of the filing of a bankruptcy petition within fifteen (15) days of filing.

      D.     For the purposes of this Decree, Allied shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Decree to the Commission, to the following address:

           Associate Director for Enforcement
           Federal Trade Commission
           600 Pennsylvania Avenue, N.W.
           Washington, D.C. 20580
           RE: United States v. Allied Interstate, Inc.

*Provided* that, in lieu of overnight courier, Allied may send such reports or notifications by first-class mail, but only if Allied contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

      E.     For purposes of the compliance reporting and monitoring required by this Decree, the Commission is authorized to communicate directly with Allied.

## VIII.  RECORDKEEPING

      **IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Decree, Allied for any of its businesses for which the primary activity is the collection of debts is hereby restrained and enjoined from failing to create and retain the following records:

      A.     Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

      B.     Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

      C.     Consumer files containing the names, addresses, phone numbers, dollar amounts of debt owed, records of collection activity, and amounts collected;

      D.     For every consumer complaint, whether received directly, indirectly, or through a third party, records that include:

            1.     Any complaint and the date received, and the nature of the complaint as reflected in any notes, logs, or memoranda, including a description of the conduct alleged; and

2.   The basis of the complaint, including the names of any debt collectors or supervisors complained about; the nature of any investigation conducted concerning the validity of any complaint; all documents relating to the disposition of the complaint, including records of all contacts with the consumer; Allied's response to the complaint and the response date; whether the complaint was resolved; the date of resolution; and any action taken to correct the conduct complained about.

E.   Copies of all scripts and other training materials related to the collection of debts;

F.   Copies of all advertisements and other marketing materials;

G.   Tape recordings of at least ninety (90) percent of all telephone calls between Allied and anyone it contacts in collecting or attempting to collect a debt, provided that Allied must commence making such recordings no later than one (1) year after the date of this Decree and must maintain these recording for 90 days after they are made; and

H.   All records and documents necessary to demonstrate full compliance with each provision of this Decree, including but not limited to, copies of acknowledgments of receipt required by the Sections titled "Notice Requirements," "Distribution of Decree and FDCPA," and "Acknowledgment of Receipt of Decree," and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

**IX.   DISTRIBUTION OF DECREE AND FDCPA**

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Decree, Allied shall deliver a copy of this Decree and the FDCPA to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Decree; and (3) any business entity

resulting from any change in structure set forth in Subsection A.2 of the Section titled

"Compliance Reporting." For current personnel, delivery shall be within five (5) days of service

of this Decree upon Allied. For new personnel, delivery shall occur prior to them assuming their

responsibilities. For any business entity resulting from any change in structure set forth in

Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10)

days prior to the change in structure. Allied must secure a signed and dated statement

acknowledging receipt of the Decree and the FDCPA, within thirty (30) days of delivery, from all

persons receiving a copy of the Decree and the FDCPA pursuant to this Section.

## X.     ACKNOWLEDGMENT OF RECEIPT OF DECREE

**IT IS FURTHER ORDERED** that Allied, within five (5) business days of receipt of this

Decree as entered by the Court, must submit to the Commission a truthful sworn statement

acknowledging receipt of this Decree.

## XI.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Decree.


**JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiff and against Allied

pursuant to all the terms and conditions recited above.


DATE: _____


_____
Patrick J. Schiltz
United States District Court Judge

The Plaintiff and Allied, by their respective counsel, hereby consent to the terms and conditions of the Consent Decree as set forth above, which shall constitute a final judgment and order in this matter as to Allied, and consent to the entry thereof.

**FOR THE PLAINTIFF:**
**FOR THE UNITED STATES OF AMERICA**

TONY WEST
Assistant Attorney General
Civil Division
U.S. DEPARTMENT OF JUSTICE

Dated: October 20, 2010

B. TODD JONES
United States Attorney
District of Minnesota

By:   s/ Gregory G. Brooker
Gregory G. Brooker
Attorney ID No. 166066
Assistant U.S. Attorney for the District of Minnesota
300 S. Fourth Street, Suite 600
Minneapolis, MN 55415
Tel: 612-664-5600
Fax: 612-664-5689
Email: greg.brooker@usdoj.gov

EUGENE M. THIROLF
Director
Office of Consumer Litigation

KENNETH L. JOST
Deputy Director
Office of Consumer Litigation

By:   s/ Alan Phelps
ALAN PHELPS
Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
PO Box 386
Telephone: 202-307-6154
Facsimile: 202-514-8742
E-mail: alan.phelps@usdoj.gov

**FOR THE FEDERAL TRADE COMMISSION:**

   s/ Joel Winston
JOEL WINSTON
Associate Director for Financial Practices

THOMAS E. KANE
JAMES L. CHEN
Attorneys
Division of Financial Practices
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel: (202) 326-3224
Fax: (202) 326-3768

Date: September 7, 2010

**FOR ALLIED INTERSTATE, INC.:**

By: ___ s/ Gregory E. Harmer _____
    GREGORY E. HARMER
    Vice President and Secretary
    Allied Interstate, Inc.

Date: ___ July 26, 2010 _____

**COUNSEL FOR ALLIED INTERSTATE, INC.:**

_ s/ Christine Wilson _____
CHRISTINE C. WILSON
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Tel: (202) 383-5134
Fax: (202) 383-5414

Date: __ July 26, 2010 ____