UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| FELIX NIETO, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 1:13-cv-03495-CCB |
| | ) Hon. Catherine C. Blake |
| ALLIED INTERSTATE LLC, | ) |
| *Defendant*. | ) |

## DEFENDANT ALLIED INTERSTATE'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Allied Interstate LLC, formerly known as Allied Interstate, Inc. (hereafter "Allied Interstate" or "Defendant") hereby replies to the Plaintiff's Opposition to Defendant's Motion for Summary Judgment. The Plaintiff's Opposition confirms there is no genuine dispute of material fact in regard to the claims before this Court, and on the undisputed facts the Defendant is entitled to judgment as a matter of law.

**1.  The Plaintiff has not identified any genuine dispute as to any material facts, much less provided any material support for such an assertion.**

The facts needed to resolve this case in the Defendant's favor are undisputed. The Defendant filed, along with its Motion for Summary Judgment, a Statement of Material Facts Not in Genuine Dispute that was supported by citations to particular materials in the record, including depositions, documents, affidavits, admissions, and other materials, which establish the absence of a genuine dispute as to the material facts in this case. *See* Doc. 16 at Attach. 2; *see also* Fed. R. Civ. P. 56(c)(1).

In response, the Plaintiff provided only the conclusory assertion that "[a]ll the facts are in dispute." Pl.'s Opp. to Def.'s Mot. for Summ. J. at 2 (Doc. 20) (hereinafter "Pl.'s Opp."). The Plaintiff did not identify any particular facts in dispute, he did not he cite to any materials in the record showing a genuine dispute, nor did he show that the materials cited by the Defendant do not establish the absence of a genuine dispute. *Cf.* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion . . . "). Accordingly, the Defendant requests that the Court consider the facts presented in the Statement of Material Facts Not in Genuine Dispute to be undisputed for purposes of the Defendant's Motion for Summary Judgment and that the Court grant summary judgment in favor of the Defendant. *See* Fed. R. Civ. P. 56(e).

**2.  The Plaintiff's bare and unsworn speculation as to the nature of the Defendant's dialing equipment does not refute the Defendant's demonstration by sworn affidavit that its dialing equipment does not trigger liability under the TCPA.**

The Defendant has demonstrated through competent evidence that there is no genuine dispute that its dialing equipment does not trigger liability under the Telephone Consumer Protection Act ("TCPA"), and the Plaintiff's bare speculation to the contrary does nothing to change this. In support of its Statement of Material Facts Not in Genuine Dispute, the Defendant submitted a sworn affidavit from Richard Temple, Senior Vice President of Telephony for iQor Holdings US Inc., who declared, on personal knowledge and under penalty of perjury, the truth of the following facts:

- "Telephone numbers dialed by Allied Interstate in its calling operations are not generated by a computer system, but rather are listed in the underlying client file."

- "The dialing equipment that Allied Interstate uses in its calling operations does not have the capacity to store or produce telephone numbers to be called using a random number generator."

- "The dialing equipment that Allied Interstate uses in its calling operations does not have the capacity to store or produce telephone numbers to be called using a sequential number generator."

- "At no time between July 5, 2013 and November 19, 2013 did Defendant use dialing equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator to call the telephone number ending with -2049 that is at issue in this litigation."

*See* Statement of Material Facts Not in Genuine Dispute at ¶¶ 16-19 and Exh. D (Aff. of Richard Temple ¶¶ 5-8). Accordingly, there is clear and undisputed evidence in the record that the dialing equipment utilized by Allied Interstate with respect to the calls at issue in this litigation does not constitute an "automatic telephone dialing system" as defined in the TCPA. *See* 47 U.S.C. § 227(a)(1) (defining an "automatic telephone dialing system" as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers").

In addition, the Defendant submitted a sworn affidavit from Charles Akins, Jr., Vice President of Operations for iQor Holdings US Inc., who declared, on personal knowledge and under penalty of perjury, that "[a]t no time between July 5, 2013 and November 19, 2013 did Allied Interstate use an artificial or prerecorded voice to call the telephone number ending with -2049 that is at issue in this litigation." *See* Statement of Material Facts Not in Genuine Dispute at ¶ 15 and Exh. C (Aff. Of Charles Akins, Jr. ¶ 10). Accordingly, the Plaintiff cannot establish—and will never be able to establish—the required element of a TCPA action that the defendant must have made a call "using any automatic telephone dialing system or artificial or prerecorded voice." *See* 47 U.S.C. § 227.

In response to this competent and credible evidence, the Plaintiff offers only his bare speculation that "[i]n order for the defendant to be competitive in today's debt collection

industry/marketplace they have to use an autodial system in some form when making calls, and store numbers in their system" and that "non-storing of these numbers would place the company at an unfair disadvantage." Pl.'s Opp. at 2. Of course, the Plaintiff's speculation about how certain market-drivers might influence the Defendant's conduct is patently insufficient to prevent summary judgment in favor of the Defendant. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986); *see also Othentec Ltd. v. Phelan,* 526 F.3d 135, 140 (4th Cir. 2008) ("The nonmoving party cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another . . . ."); *Dash v. Mayweather,* 731 F.3d 303, 311 (4th Cir. 2013) (to survive summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence"); *Glynn v. EDO Corp.,* 710 F.3d 209, 216 (4th Cir. 2013) ("'[C]onclusory allegations and speculative assertions . . . without further legitimate support clearly do[ ] not suffice' to create a genuine issue of material fact.") (citation omitted).

Moreover, there is no genuine dispute regarding the material facts in this case, and the Plaintiff's speculative assertions, even if true, would not create such a dispute. *See Anderson.,* 477 U.S. at 248 (a material fact is one "that might affect the outcome of the suit under the governing law"); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."). Although the Plaintiff asserts that the Defendant must have used "an autodial system in some form," the TCPA only applies to the specific kind of "automatic telephone dialing system" defined in the statute. Thus, even if the Defendant did use a computer-based system to track or even to dial telephone numbers, that does not establish that the Defendant was using "equipment which has the capacity . . . to store

or produce telephone numbers to be called, using a random or sequential number generator."
*See* 47 U.S.C. § 227(a)(1) (statutory definition of "automatic telephone dialing system"). In the same vein, the Plaintiff's Exhibit A – a screenshot that the Defendant produced from its client management database in response to the Plaintiff's discovery requests – does nothing to suggest, much less demonstrate, that the Defendant's separate dialing equipment had "the capacity . . . to store or produce telephone numbers to be called, *using a random or sequential number generator*." 47 U.S.C. § 227(a)(1) (emphasis added). Indeed, Plaintiff completely ignores this statutory requirement and makes no attempt to claim it has been satisfied. Thus, there continues to be no genuine dispute that the Defendant's equipment does not trigger liability under the TCPA, and summary judgment must be granted in the Defendant's favor.[1]

**3.     The Plaintiff admits that the telephone number at issue was not assigned to a cellular telephone number.**

The Plaintiff is correct that the TCPA can also apply to telephone calls through mediums other than cellular telephones. However, the Plaintiff's Complaint specifically and repeatedly alleges that Defendant made telephone calls to Plaintiff's "cell phone" and does not raise a claim under any other provision of the TCPA. *See* Compl. ¶¶ 10-13. Through discovery, the Defendant has established that the telephone number at issue in this litigation was not assigned to a cellular telephone number. *See* Statement of Material Facts Not in Genuine Dispute ¶ 9. And

---

[1]     The bulk of the Plaintiff's discussion of this issue involves the Plaintiff's apparent concern with the sufficiency of the Defendant's discovery responses. The Plaintiff has never conferred with the Defendant concerning the scope of its discovery responses, nor did the Plaintiff serve or file a motion to compel within the allowed time period. *See* Local Rule 104.7 & 104.8. The Plaintiff also has not shown by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify his opposition. *See* Fed. R. Civ. P. 56(d). Regardless, however, the Plaintiff's discovery concerns are baseless, as they are premised on the faulty and unsupported assumption that the Defendant used some kind of off-the-shelf dialing equipment.

indeed, the Plaintiff now admits that the telephone number at issue was not assigned to a traditional cellular telephone; instead, he claims it was a "home based system" that was "a hybrid cellular, mobile radio system based on the ACN IRIS V Video Phone with a RF wireless link to a mobile broadband router on an underlying Sprint Cellular backbone." Pl.'s Opp. at 5. There thus is no genuine dispute that the phone was not a "cell phone," and the Plaintiff cannot prove this basic element of his claim.

Moreover, the Plaintiff has not established that he was charged for any call over his VOIP service, and indeed the Plaintiff admitted that he was not charged for any of the calls at issue in the Complaint. *See* Statement of Material Facts Not in Genuine Dispute at ¶ 10 (citing Requests for Admission No. 16 & 17); *see also* 47 U.S.C. § 227(b)(1)(A)(iii) (indicating that the TCPA also can apply to "any service for which the called party is charged for the call"). Without any evidence demonstrating that he was charged for the alleged calls, the Plaintiff has not raised a genuine dispute as to the fact that the telephone number at issue in his Complaint is not assigned to a service that triggers liability under the TCPA. *See Lynn v. Monarch Recovery Mgmt., Inc*., No. WDQ-11-2824, 2013 WL 1247815 (D. Md. Mar. 25, 2013) (concluding that a home-based phone system that used VOIP technology did not trigger liability under the TCPA because the plaintiff admitted he was not charged for the incoming calls).

**4.     No genuine dispute of a material fact exists as to the Defendant's lack of intent to violate the TCPA, and thus the Plaintiff's request for enhanced damages cannot be sustained.**

Enhanced damages are only available in TCPA actions, at the Court's discretion, in situations in which "the court finds that the defendant willfully or knowingly violated this subjection or the regulations prescribed under this subsection." 47 U.S.C. § 227(b)(3). The Plaintiff has presented no evidence to suggest that the Defendant willfully or knowingly violated

the TPCA statute or regulations, while the Defendant has presented evidence to the contrary. There thus is no genuine dispute that enhanced damages are not available in this case.

Contrary to the allegations in his Complaint (*e.g.*, Compl. ¶ 12), the Plaintiff now admits—as he did during his partial deposition[2]—that he never asked the Defendant to stop calling the telephone number at issue in his Complaint prior to the filing of this action. *See* Opp. at 6; Statement of Material Facts Not in Genuine Dispute ¶¶ 2-4. In addition, the separate regulatory actions that the Plaintiff cites as supposed evidence of the Defendant's "consistent track record of violating the FDCPA/TCPA" had nothing to do with violations of the TCPA, but rather involved the negotiated resolution, without admission of wrongdoing, of claims pertaining to other unrelated statutory schemes. *See* Pl.'s Opp. at Ex. E & F. Plaintiff has produced no evidence to suggest, much less establish, any such pattern or track record of violations of the TCPA by the Defendant from which any inference of a "willful" or "knowing" violation could possibly be drawn.[3]

---

[2] The Plaintiff unilaterally terminated and walked out of the Defendant's deposition of him on April 11, 2014, and represented that he was going to immediately secure counsel to represent him in this matter. The Plaintiff then ignored multiple requests by the Defendant to identify his retained counsel and allow his deposition to reconvene. The Plaintiff then appeared without counsel for the settlement conference on May 2, 2014, and represented to Magistrate Judge Schulze, when negotiations did not resolve this matter, that he was going to immediately secure counsel to represent him. Nonetheless, the Plaintiff—at his own peril—has chosen to continue to pursue this matter pro se.

[3] Although the Plaintiff contends in his Opposition that the similar cases that have been brought against Defendant "are too numerous to provide to the court" (Opp. at 7), the Plaintiff has not identified any examples of similar cases and indeed the Plaintiff admitted that he is not aware of any instances other than those alleged in his Complaint in which Allied Interstate allegedly called persons on their cellular telephone(s) without their consent. *See* Statement of Material Facts Not in Genuine Dispute ¶ 8 (citing Request for Admission No. 25).

To the contrary, the undisputed facts establish that the Defendant did not willfully or knowingly violate the TCPA or its regulations. As the Plaintiff concedes (Opp. at 4), the commercial databases that Defendant used to verify whether telephone numbers are assigned to a cellular telephone service indicated that the telephone number at issue is a landline, not a cellular telephone service, and thus Defendant did not have knowledge it was violating the TCPA by dialing a cellular telephone number. *See* Statement of Material Facts Not in Genuine Dispute ¶ 5. Commercial databases also list the telephone number at issue as belonging to a person other than the Plaintiff, which person was the subject of the Defendant's debt collection activity, and thus Defendant did not have knowledge that the number it was dialing was a number for which the dialed party had not consented to receive calls. *See* Statement of Material Facts Not in Genuine Dispute ¶ 6.

Accordingly, the undisputed facts establish that Plaintiff's theory for the recovery of enhanced damages cannot be sustained, and this Court should grant partial summary judgment for Defendant and strike Plaintiff's claim for treble damages in the event this Action is not dismissed in its entirety.

**5.     Conclusion**

The Defendant's Motion for Summary Judgment and Statement of Material Facts Not in Genuine Dispute, as well as Plaintiff's own Opposition, confirm there is no genuine dispute of material fact in regard to the claims before this Court, and on the undisputed facts the Defendant is entitled to judgment as a matter of law. Thus, for the reasons set forth above and in the Defendant's Motion for Summary Judgment and supporting Memorandum, the Defendant

respectfully requests that this Court grant its Motion for Summary Judgment or, at minimum, grant partial summary judgment on the question of treble damages.

                Respectfully submitted,

                /s/ Stephen T. Fowler
                Stephen T. Fowler  (D. Md. Bar No. 16881)
                REED SMITH LLP
                3110 Fairview Park Dr., Suite 1400
                Falls Church, VA 22042
                Phone:  703.641.4262
                Facsimile:  703.641.4340
                sfowler@reedsmith.com

                Michael B. Roberts (D. Md. Bar No. 17785)
                REED SMITH LLP
                1301 K Street NW
                Suite 1100 – East Tower
                Washington, DC 20005
                Phone: 202.414.9288
                Facsimile: 202.414.9299
                mroberts@reedsmith.com

                *Counsel for Defendant Allied Interstate LLC*

Dated:  July 2, 2014

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2014, I caused a true and correct copy of the foregoing *Defendant Allied Interstate's Reply in Support of its Motion for Summary Judgment* to be served on the Plaintiff via United States first-class mail, postage prepaid, at the following address:

Felix Nieto
P.O. Box 773
Fulton, MD  20759

/s/ Stephen T. Fowler
Stephen T. Fowler (D. Md. Bar No. 16881)
REED SMITH LLP
3110 Fairview Park Dr., Suite 1400
Falls Church, VA 22042
Telephone:   703.641.4262
Facsimile:    703.641.4340
sfowler@reedsmith.com

*Counsel for Defendant Allied Interstate LLC*